## Kurtz v. Hydrocarbon Research Inc.

C.P. of Bucks County, no. 96-990-13-2.

*Morton A. Slifkin,* for plaintiffs.
*Phillip B. Silverman,* for defendants.

BIEHN, *P.J.,* August 7, 1996—On July 25, 1996, plaintiff filed a notice of appeal to the Superior Court and an application for amendment of the court's order of June 25, 1996 denying plaintiff's motion to compel discovery.[1] This opinion supports denial of plaintiff's motion.

This case arises from alleged damages and injury resulting from an automobile accident that occurred on Street Road in Southampton, Bucks County. As averred in the complaint, plaintiff was stopped at a red light when defendant Hannah, an employee of defendant Hydrocarbon Research Inc. allegedly crashed into the rear of plaintiff's vehicle, causing damages to plaintiff's automobile and injuries to plaintiff.

---

1. Plaintiff's application to amend order to permit an immediate interlocutory appeal was decided by order filed August 2, 1996.

Plaintiff served discovery requests including interrogatories and requests for production of documents. After a flurry of objections, motions to compel and negotiation, a hearing was held before this court on June 24, 1996, to consider the issues. Shortly before and during the hearing most issues were resolved. The remaining issue, defendant's objection to six of the interrogatories, was decided by order of July 25, 1996 in favor of defendant, decreeing that defendant need not respond to the six challenged interrogatories.

The interrogatories read as follows:

"(5) State whether the defendant, his attorney or any agent(s), servant(s), or employee(s), of either or both conducted any background investigations of the plaintiff involving but not limited to their medical and work history both past and present, credit, etc.

"(6) If so, state the name, address and telephone number of the individuals who made such investigations.

"(7) Attach any reports concerning such investigation.

"(20) State whether the defendant(s) has conducted any surveillance of the plaintiff(s) at any time since the date of the accident up until the present time.

"(21) If your answer to the proceeding interrogatory is in the affirmative, kindly identify the persons or agency employed by the defendant to conduct said surveillance.

"(22) State whether photographic pictures or video/films were taken during said surveillance. If so, state the date, time and place where said photographs were taken and the name and address of the individual currently in possession of any such pictures/videos/films."

Defendant asserts that the interrogatories delve into strategies of impeachment. Plaintiff counters that such information could be used for corroboration as well as impeachment, and is therefore appropriate for discovery. Further, plaintiff argued that it would be unfair to surprise him with such information at trial.

Counsel has correctly stated that little or no case law exists on this issue. Therefore, we rely on the Pennsylvania Rules of Civil Procedure. Before 1978, Pennsylvania discovery rules more closely followed the Federal Rules of Civil Procedure, giving broad protection to attorneys and their representatives from revealing work product or trial preparation materials. Pa.R.C.P. 4003.3, explanatory note—1978. Pa.R.C.P. 4011 limits the scope of discovery and deposition, and before the 1978 amendment, Rule 4011(d) prohibited discovery of the existence or location of reports, memoranda, etc. prepared in anticipation of litigation or in preparation of trial. That rule was rescinded on November 20, 1978. If that rule were still in effect the subject interrogatories would clearly be prohibited. So we examine the remaining limitations of Rule 4011 which read as follows:

"No discovery or deposition shall be permitted which

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

"(c) relates to matter which is privileged;

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness;
. . . . "

In the instant case, plaintiff seeks to discover, through interrogatories, whether the defendant has engaged in any surveillance, and if so, seeks to obtain photographs and other data collected by the defendant. This information, if it indeed exists, would presumably be used by defendant to impeach plaintiff's testimony concerning his injuries and any lingering effects thereof.

We view the subject interrogatories with a great deal of skepticism. It is a sad but true commentary that sometimes personal injury cases involve exaggerated or nonexistent injuries. Defendants engage in surveillance to verify plaintiffs' contentions about their condition and circumstances. Although this court does not presume anything regarding the nature of this plaintiff's claims, it believes that such interrogatories are not permissible. A significant potential for abuse exists. If a defendant says "No, I did no surveillance," a plaintiff could be more likely to perjure himself. The answer "Yes, we surveilled, here is what we learned" would enable plaintiff to reduce, mold or abandon the claim.

Both Rule 4011(a) (bad faith), or (c) (privilege) have potential application. The rule provides no definition of "bad faith"; such determination is for the court. The interrogatories concerning surveillance are difficult to categorize, but have a potentially offensive purpose, and should not be allowed.

For the above reasons, we held that the subject interrogatories were not permissible, and the defendant is not compelled to answer them.