Vooney M. DOMINICK, Appellant,

v.

William N. HANSON & Martin
Silberman, Appellee.

Superior Court of Pennsylvania.

Argued March 29, 2000.
Filed May 30, 2000.

J. Davy, Yockey, Trevose, for appellant.

John S. Thome, Doylestown, for Hanson, appellee.

Andrew Reimenschneider, Philadelphia, for Silberman, appellee.

Before FORD ELLIOTT and MONTEMURO *, JJ., and CIRILLO, President Judge Emeritus.

MONTEMURO, J.:

¶ 1 This is an appeal from the Order entered June 10, 1999 in the Bucks County Court of Common Pleas denying the post trial motions of Appellant/Plaintiff, Vonney Dominick, in her personal injury action against Appellees/Defendants, William Hanson and Martin Silberman. We consider whether videotaped surveillance evidence, which was not disclosed in pre-trial discovery, was nevertheless admissible at trial. For the reasons set forth below, we affirm.[1]

¶ 2 This lawsuit arises from a motor vehicle accident that occurred on May 25, 1995, at the intersection of Main Street and Trenton Road in Hulmeville, Bucks County. Appellant was stopped at a red light while traveling westbound on Main Street. As Appellee Hanson attempted to make a left onto Main Street from Trenton Road, Appellee Silberman hit the rear end of Hanson's car, pushing Hanson's vehicle into Appellant's car.

¶ 3 On May 16, 1997, Appellant filed a complaint against Appellees, claiming she suffered injuries as a result of the accident. In July of 1997, Appellant forwarded interrogatories to Appellee Hanson inquiring, *inter alia*, whether Hanson had conducted an investigation of Appellant since the accident. (Plaintiff's Motion for Post Trial Relief, Exhibit 4, Defendant's Answers to Plaintiff's Interrogatories Addressed to Defendant, William Hanson, at ¶ 50). In January of 1998, when he filed Answers to Appellant's Interrogatories, Hanson objected to the question, contending that the information was not discoverable. (*Id.*). In addition, in response to Appellant's inquiry whether Hanson was withholding any documents on the basis of privilege or for any other reason, Hanson answered "Yes." (*Id.* at ¶ 72). In late 1998, prior to trial, Hanson conducted videotaped surveillance of Appellant.[2]

¶ 4 Appellees conceded liability; therefore, the trial, commencing on January 25, 1999, was limited to the issues of causation and damages. Following Appellant's presentation of her case in chief, Hanson revealed for the first time that he intended to present videotaped surveillance evidence of Appellant.[3] Indeed, the video and accompanying testimony by Hanson's investigators, as well as various still photographs, was the only evidence presented by either defendant. Appellant objected to the surveillance evidence, contending that it was not disclosed during discovery

---

* Retired Justice assigned to Superior Court.

1. We note that an order denying post trial relief is interlocutory, and, generally, not appealable unless it is reduced to judgment. *Summit Fasteners v. Harleysville Nat. Bank & Trust Co.*, 410 Pa.Super. 56, 599 A.2d 203, 205 n. 1 (1991), *appeal denied*, 530 Pa. 633, 606 A.2d 902 (1992). However, judgment in this case was entered by Order dated September 1, 1999; therefore, we will consider the appeal filed after the entry of judgment. Pa. R.A.P. 905(a); *Johnston the Florist, Inc. v. TEDCO Construction Corp.*, 441 Pa.Super. 281, 657 A.2d 511 (1995) (finding that, although appeal was taken from order denying post trial relief, appellate court would address merits of appeal since judgment was subse-

quently entered). *See also McCormick v. Northeastern Bank of Pa.*, 522 Pa. 251, 561 A.2d 328 (1989) (finding that Superior Court could address merits of appeal in the interests of judicial economy despite fact that judgment was never entered and appellant appealed from order denying post trial relief).

2. Appellant claims that Appellee Silberman paid for half of the surveillance investigation. However, there is nothing in the record to support this contention.

3. Apparently, Hanson informed the trial court *ex parte* of this evidence before the beginning of trial. (Appellant's Brief at 12).

or at any other time prior to trial. Following argument, the court overruled Appellant's objection. On January 27, 1999, the jury returned a verdict for Appellees, specifically finding that the accident was not a substantial factor in causing Appellant's injuries. Appellant filed timely post trial motions, which were denied by Order dated June 10, 1999.

¶ 5 This appeal follows, raising a single issue for our review:

> CAN THE DEFENDANTS STATE THROUGH DISCOVERY THAT SURVEILLANCE DOES NOT EXIST, CONDUCT SURVEILLANCE OF PLAINTIFF AFTER THE CASE IS ON THE TRIAL LIST, DISREGARD Pa.R.C.P. 4007.4 AND TWO LOWER COURT ORDERS RELATING TO THE CONDUCT OF TRIALS AND SUBMIT SURVEILLANCE TO THE JURY WITHOUT ANY PRIOR DISCLOSURE TO PLAINTIFF?

(Appellant's Brief at 3).

¶ 6 Appellant's issue focuses on the trial court's failure to preclude Appellees' surveillance evidence. It is undisputed that this evidence was not revealed prior to trial. Appellant contends that it was discoverable, and, accordingly, Appellees' failure to disclose it renders the evidence inadmissible.

■■■ ¶ 7 Preliminarily, we note the " '[t]he purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits.' " *Smith v. Grab*, 705 A.2d 894, 902 (Pa.Super.1997)(quoting *Linker v. Churnetski Transp., Inc.*, 360 Pa.Super. 366, 520 A.2d 502, 503, *appeal denied*, 516 Pa. 641, 533 A.2d 713 (1987)). Pennsylvania Rule of Civil Procedure 4019 provides for sanctions if a party fails to provide discovery. "The decision whether to sanction a party, and if so the severity of such sanction, is vested in the sound discretion of the trial court." *Croydon Plastics v. Lower Bucks Cooling*, 698 A.2d 625, 629 (Pa.Super.1997), *appeal denied*, 553 Pa. 689, 717 A.2d 1028

(1998). When a court refuses to impose sanctions, we must review the evidence to determine whether the court abused its discretion. *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 139 (Pa.Super.1997).

■■■ ¶ 8 Although there are no Pennsylvania appellate cases addressing the issue, we agree that videotaped surveillance evidence is discoverable. Pennsylvania Rule of Civil Procedure 4003.1 provides that

> a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the present action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a). Clearly a defendant's videotaped surveillance of a plaintiff, who claims to have been injured as a result of the defendant's negligence, is "relevant" to the subject matter of the lawsuit. Although this evidence constitutes work product because it is prepared solely in anticipation of litigation, Pa.R.C.P. 4003.3 provides that work product is discoverable, with the exception of the mental impressions and opinions of the party's attorney and other representatives.

¶ 9 We note that our view comports with the position taken by the courts in the Eastern District of Pennsylvania with regard to the Federal Rules of Civil Procedure. There, the prevailing view is that video surveillance tapes are discoverable, but need not be disclosed until after the plaintiff has been deposed. *Williams v. Picker International, Inc.*, 1999 WL 1210839, 1999 U.S. Dist. LEXIS 19107 (E.D.Pa.1999); *Snead v. American Export–Isbrandtsen Lines, Inc.*, 59 F.R.D. 148 (E.D.Pa.1973). Indeed, several courts have concluded that the defendant is required to disclose, when questioned, that

he conducted videotaped surveillance, however, he need not turn over the actual videotapes to the plaintiff unless he intends to introduce them as evidence at trial. *Gibson v. The National Railroad Passenger Corp., a/k/a Amtrak*, 170 F.R.D. 408 (E.D.Pa.1997); *DiGiacobbe v. National Railroad Passenger Corp.*, 1987 WL 11227, 1987 U.S. Dist. LEXIS 4029 (E.D.Pa.1987).

¶ 10 Although we recognize that federal cases have no precedential authority in this Court, we find this case law persuasive considering the similarities between the federal and state discovery rules. Indeed, the Explanatory Note to Pa.R.C.P. 4003.1, states that the Rule "is taken almost verbatim from Fed.R.Civ.P. 26(b)." Moreover, Pennsylvania's work product rule, Pa.R.C.P. 4003.3, is broader than its federal counterpart, Fed.R.Civ.P. 26(b)(3); the federal rule permits discovery of work product "only when the party seeking discovery shows *substantial need* of the materials in the preparation of his case and is unable, *without undue hardship*, to obtain substantial equivalent of the materials by other means." Pa.R.C.P. 4003.3, Explanatory Note (emphasis added). Under this more stringent requirement, federal courts have concluded that videotaped surveillance evidence is not protected work product. *Gibson, supra*; *Snead, supra.* Therefore, it logically follows that the same evidence is discoverable under the more relaxed standard in Pennsylvania.

■ ¶ 11 Having concluded that videotaped surveillance evidence is discoverable, we need not determine at this time when disclosure must occur; suffice it to say that under the Pennsylvania Rules of Civil Procedure, Appellees were required, when questioned, to disclose whether they conduced videotaped surveillance of Appellant prior to trial. We now must determine whether Appellees' failure to disclose the evidence in the present case should have rendered it inadmissible.

■ ¶ 12 Although the trial court agreed that surveillance videotapes are most likely discoverable under the Rules, it concluded that Appellees' failure to disclose the existence of the tapes prior to trial did not affect the tapes' admissibility, as Appellant failed to make an appropriate request for surveillance evidence. We agree. In her Interrogatories directed to both defendants, Appellant inquired whether Appellees conducted any investigation of Appellant since the accident. Appellee Hanson specifically objected to the question, deeming the information "not discoverable." He based his objection on a 1996 opinion by Judge Biehn, then President Judge of the Bucks County Court of Common Pleas. In *Kurtz v. Hydrocarbon Research, Inc.*, 32 Pa. D. & C.4th 205 (C.P.1996), Judge Biehn held that a plaintiff's interrogatories concerning surveillance evidence were impermissible, as disclosure before trial had a significant potential for abuse; accordingly, he denied the plaintiff's motion to compel the defendant's answers. Hanson also indicated that he was withholding evidence under a claim of privilege. Although we now conclude that Hanson's objection should have been overruled, Appellant never challenged the objection by petitioning the court to dismiss the objection and direct that the interrogatory be answered pursuant to Pa.R.C.P. 4006(a)(2).[4] Her failure to challenge the objection before trial renders any objection now moot.[5]

4. The Rule provides that
    Each interrogatory shall be answered fully and completely unless objected to, in which even the reasons for the objection shall be stated in lieu of an answer.... The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatory be answered.
    Pa.R.C.P. 4006(a)(2).

5. We note that had Appellant challenged Hanson's objection, the trial judge would have been required to apply the *Kurtz* decision, as it had precedential value in the Bucks County Court of Common Pleas. However, Appellant contends in her brief that *Kurtz* did not stand for the proposition that "surveillance evidence need not be disclosed prior to trial." (Appellant's Brief at 16). Indeed, Appellant

¶ 13 Appellant contends, however, that Hanson was obligated to supplement his interrogatories when he conducted surveillance some 11 months later. Pennsylvania Rule of Civil Procedure 4007.4 provides that

A party or an expert witness who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:

\* \* \*

(2) A party or an expert is under a duty seasonably to amend a prior response if he or she obtains information upon the basis of which he or she knows that

   (a) the response was incorrect when made, or

   (b) the response though correct when made is no longer true.

Pa.R.C.P. 4007.4(2). Here, Hanson objected to the question. Thus, under the Rule, he was under no duty to supplement his answer when he later conducted surveillance of Appellant.

¶ 14 Appellant also argues that, despite Hanson's objections to the interrogatories, she had reason to believe no surveillance had taken place: (1) Hanson indicated in response to co-defendant Silberman's interrogatories that he had not conducted surveillance of Appellant; (2) Hanson violated two court orders requiring disclosure of all photographs and witnesses to be used at trial; and (3) co-defendant Silberman responded negatively to Appellant's interrogatories regarding surveillance evidence.

¶ 15 First, Appellant contends that she relied on Hanson's response to Silberman's interrogatories concerning surveillance evidence. Specifically, Silberman inquired whether Hanson obtained from any person

any report or statement concerning the accident or the nature and extent of Appellant's injuries, or any photographs of Appellant or any thing involved in the accident. (Plaintiff's Motion for Post Trial Relief, Exhibit 7, Defendant's Answers to Automobile Interrogatories Directed to Co-Defendant, William N. Hanson, at ¶¶ 22, 23). Hanson responded negatively, but indicated that if he was in possession of anything pertinent, it was attached. (Id.). Appellant argues that she reasonably relied on these answers. We note that at the time these interrogatories were completed, in January of 1998, Hanson had not yet conducted surveillance of Appellant; therefore, the answers were true. Although Hanson had a duty to Silberman to supplement these answers after surveillance was conducted, see Pa.R.C.P. 4007.4, he had no corresponding duty to inform Appellant of any change in his answers. Indeed, Hanson objected to Appellant's similar inquiry.

■ ¶ 16 Next, Appellant claims that Hanson violated two court orders when he failed to disclose the existence of the surveillance videotape prior to trial. However, the "orders" to which Appellant refers are, in actuality, form memos from the deputy court administrator requiring the parties to schedule a pre-trial meeting to discuss a possible settlement and exchange trial exhibits and witness lists. See Plaintiff's Motion for Post Trial Relief, Exhibit 2. Hanson objected to the interrogatories in question. These memos do not constitute a ruling by a trial judge overruling Hanson's objection. Therefore, Hanson had no obligation to disclose the existence of the tape.

¶ 17 Thirdly, Appellant argues that Appellee Silberman violated Pa.R.C.P. 4007.4 by failing to supplement his original interrogatories after the surveillance was con-

---

contends that *Kurtz* "can be read to follow the federal court's approach to ·delay disclosure until after the plaintiff has been deposed." (*Id.* at 18). Therefore, as Appellant herself believes that *Kurtz* does not conclusively pre-

clude pretrial disclosure of surveillance evidence, and she was aware that there are no appellate decisions on the subject, she should have challenged Hanson's objection to preserve this issue for appeal.

ducted. We note that Silberman failed to object to Appellant's inquiry concerning whether he conducted an investigation of Appellant; rather, he responded that no investigation had been conducted at that time (July 1997) and reserved the right to supplement his answer at a later date. (Plaintiff's Motion for Post Trial Relief, Exhibit 5, Defendant, Martin Silberman's Responses to Plaintiff's Interrogatories, at ¶ 50). Moreover, he indicated that he was not withholding any documents. (*Id.* at 72). Clearly, if Silberman was involved in the surveillance investigation as Appellant contends, *see* footnote 2 *supra*, he had an obligation to supplement his answers pursuant to Rule 4007.4. Although we do not condone his actions, we find them harmless. Hanson introduced the videotaped surveillance evidence at trial. As we have discussed *supra*, the judge properly ruled the videotape admissible, as Appellant failed to challenge Hanson's objections to her interrogatories. Thus, the surveillance evidence was admitted as part of the co-defendant's case. Unfortunately for Appellant, it obviously benefited Silberman also.

¶ 18 Finally, Appellant argues that "Plaintiff was given insufficient time to evaluate the evidence, with little or no time to develop rebuttal evidence." (Appellant's Brief at 21). Although Appellant's counsel objected to the admissibility of the videotape and requested to view the evidence before it was presented to the jury, he never requested a continuance, or sought to present rebuttal testimony from Appellant or any other witness. *See generally* N.T., 1/26/99 at 46–56, 86–88; N.T., 1/27/99, at 7–9. Thus, Appellant is entitled to no relief now.

¶ 19 Therefore, although we hold that videotaped surveillance evidence is discoverable under the Pennsylvania Rules of Civil Procedure, we conclude that the evidence was admissible in the present case despite Appellees' failure to disclose the evidence prior to trial, as Appellant failed to obtain a ruling on Appellee Hanson's objection to Appellant's pre-trial inquiry regarding surveillance evidence.

¶ 20 Judgment affirmed.