**Morganti v. Ace Tire & Parts Inc.**

C.P. of Allegheny County, no. GD03-008656.

*Irving M. Portnoy* and *S. Michael Streib,* for plaintiffs.

*Paul E. Pongrace III,* for defendants.

WETTICK JR., *A.J.,* December 28, 2004—The subject of this opinion and order of court is plaintiffs' motion to compel defendants to produce surveillance tapes of plaintiff-husband (plaintiff) prior to plaintiff's deposition.

This is a personal injury action in which plaintiff alleges that he suffered permanent and irreversible brain damage and impairment of his cognitive and motor functions as a result of a motor vehicle accident.

Plaintiff has not yet been deposed. In answers to interrogatories, defendants state that a representative of defendants engaged in surveillance of plaintiff on several

occasions and has taken surveillance videotapes. Plaintiffs seek production of the videotapes prior to plaintiff's deposition because the Pennsylvania Rules of Civil Procedure governing discovery permit discovery of relevant trial preparation material. Defendants object to producing the surveillance videotapes of plaintiff until after he has been deposed.

Each party makes reasonable arguments in support of that party's position. Plaintiffs contend that the interests of justice are best served by permitting production of the tapes before plaintiff's deposition because it is not fair to allow counsel for defendants to frame questions—based on tapes that plaintiff has not seen—designed to make plaintiff's testimony appear to be inconsistent with what the tapes show. Also, plaintiff's lawyer will be unable (because he or she has not seen the tapes) to ask questions that will allow plaintiff to explain any possible discrepancies. Showing the videotapes to plaintiff before his deposition simply eliminates the issue of whether plaintiff might have offered untruthful testimony that is inconsistent with the tapes. Moreover, if defendants believe that plaintiff has presented false testimony tailored to the tapes, defendants can conduct additional surveillance activities after plaintiff's deposition (as long as defendants supplement their discovery responses). Thus, discovery of surveillance tapes prior to plaintiff's deposition merely eliminates the situation in which defense counsel can base questions on tapes that plaintiff has not seen.

Defendants contend that the interests of justice are best served by barring production of the tapes until plaintiff has been deposed because a plaintiff who intends to

present false testimony will tailor his or her testimony to the tapes.

Discovery of surveillance activities and materials is addressed in numerous reported opinions of federal courts, and of state courts with discovery rules unlike Pennsylvania's but similar to the federal discovery rules. See generally, Donna Denham and Richard Bales, "The Discoverability of Surveillance Videotapes Under the Federal Rules," 52 Baylor L. Rev. 753 (2000); Patricia L. Ogden, " 'A Picture Is Worth a Thousand Words'— The Permissible Scope of Discovery of Videotape in Civil Cases: A Bifurcation Approach," 29 Ind. L. Rev. 441 (1995); Charles Alan Wright, Arthur Miller and Richard L. Marcus, 8 Fed. Prac. & Proc. Civ.2d §2015 (2004).

There is a split of authority that ranges from rulings that a defendant is not required to disclose even the existence of a surveillance videotape prior to trial (*Ranft v. Lyons,* 471 N.W.2d 254 (Wis. Ct. App. 1991)) (protected work product), to rulings that a defendant must disclose all surveillance materials involving a party to the action with no limitation as to timing (*Tran v. New Rochelle Hospital Medical Center,* 786 N.E.2d 444 (N.Y. 2003)) (based on New York legislation). However, most of the cases reject both the position that a plaintiff may not obtain discovery of any surveillance activities and the position that the defendant must produce its surveillance videotapes with no limitations as to timing.

In most jurisdictions, the defendant who seeks to introduce surveillance videotapes at trial must provide these videotapes after the plaintiff has been deposed. However, most courts do not require the defendant to provide any information as to whether the defendant conducted

any surveillance activities prior to the plaintiff's deposition. See *Gutshall v. New Prime Inc.,* 196 F.R.D. 43 (W.D. Va. 2000), and cases cited therein; *Roundy v. Staley,* 984 P.2d 404, 407 (Utah Ct. App. 1999), and cases cited therein. Other courts require the defendant, before the plaintiff is deposed, to answer interrogatories as to the existence of surveillance tapes but not to produce the tapes. See *Smith v. Diamond Offshore Drilling Inc.,* 168 F.R.D. 582 (S.D. Tex. 1996).

Although there is a split of authority, most courts do not require the defendant, even after the plaintiff has been deposed, to furnish information concerning surveillance activities or to produce surveillance tapes where the defendant does not intend to introduce any surveillance tapes or to refer to any surveillance activities at trial. *Bradley v. Wal-Mart Stores Inc.,* 196 F.R.D. 557 (E.D. Mo. 2000); *Fletcher v. Union Pacific Railroad Co.,* 194 F.R.D. 666 (S.D. Cal. 2000); *Gibson v. National Railroad Passenger Corp.,* 170 F.R.D. 408 (E.D. Pa. 1997), and cases cited therein.

This case law of these other jurisdictions is based on an analysis of the scope of attorney work product protections that are not provided for in the Pennsylvania Rules of Civil Procedure.

Surveillance tapes are tangible things prepared in anticipation of litigation or for trial. Consequently, discovery of these tapes is governed by Federal Rule of Civil Procedure 26(b)(3) which reads as follows:[1]

---

1. The case law governing the discovery of surveillance tapes of other state courts is based on rules of civil procedure that are very similar, if not identical, to Federal Rule 26(b)(3).

"*(3) Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

Since surveillance tapes are governed by Federal Rule 26(b)(3), or a similar rule, a plaintiff cannot obtain the tapes through discovery simply by showing that they are relevant evidence. Instead, the tapes are protected from discovery through a qualified privilege which protects the tapes from discovery in the absence of a showing that the plaintiff "has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

The scope of this qualified privilege protecting surveillance evidence, as stated by most courts, is determined through a balancing of the interests protected by the work product doctrine and the interests that would be advanced by disclosure. Where the issue is whether

the defendant must produce surveillance tapes it wishes to introduce at trial, the majority of the cases do not require production of the tapes in response to discovery requests before the plaintiff is deposed in order to preserve the impeachment value of the surveillance. However, they require the defendant who intends to use surveillance tapes at trial to produce the tapes after the deposition because of the plaintiff's need to evaluate the surveillance evidence to determine its authenticity and accuracy. On the other hand, most courts do not require defendants who do not intend to introduce surveillance videotapes at trial to produce their tapes, even after the plaintiff has been deposed, because a plaintiff can prove his or her claims as to the nature and extent of the injuries by other means, including his or her own testimony.

The Pennsylvania Rules of Civil Procedure, with respect to attorney work product, differ from the federal rules. Except in limited circumstances that do not apply to surveillance activities, Pennsylvania does not protect trial preparation material. To the contrary, Pa.R.C.P. 4003.3 specifically provides that a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation for trial:

*"Rule 4003.3. Scope of discovery. Trial preparation material generally*

"Subject to the provisions of Rules 4003.4 and 4003.5, *a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial* by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent.

The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics." (emphasis added)

Thus, for Pennsylvania courts, the issue is not whether the plaintiff has shown a substantial need for the surveillance material but, rather, whether it is a matter discoverable under Pa.R.C.P. 4003.1.

Rule 4003.1(a) permits a party to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Discovery regarding surveillance activity and surveillance material comes within the scope of this provision because it relates to the claims of the plaintiff.

The only issue presented for decision here is whether a defendant must produce surveillance videotapes before the defendant has deposed the plaintiff. Plaintiff argues that I should permit production of the videotapes prior to the taking of his deposition because (1) there are no provisions in the Pennsylvania Rules of Civil Proce-

dure that treat work product discoverable under Rule 4003.3 in a different manner from any other item of discovery and (2) a ruling that surveillance information and materials may be discovered before the plaintiff is deposed is consistent with the overall approach of the Pennsylvania Rules of Civil Procedure governing discovery of creating a level playing field for all parties. See *e.g.,* Pa.R.C.P. 4003.4.

On three occasions in the last four years, the Pennsylvania Superior Court has addressed the issue of the obligation of the defendant who seeks to use a surveillance videotape at trial to disclose the tape prior to trial.

In *Dominick v. Hanson,* 753 A.2d 824 (Pa. Super. 2000), the trial court permitted the defendant to present videotaped surveillance evidence of the plaintiff which was not disclosed in pretrial discovery. In determining whether this was reversible error, the Superior Court addressed two issues: whether videotaped surveillance evidence is discoverable and if discoverable, whether the videotaped surveillance evidence was admissible in this case because the plaintiff had failed to challenge the defendant's objection to the plaintiff's interrogatories inquiring about any surveillance of the plaintiff. The Superior Court, citing Rule 4003.1(a), ruled that videotaped surveillance evidence is discoverable.

"Clearly a defendant's videotaped surveillance of a plaintiff, who claims to have been injured as a result of the defendant's negligence, is 'relevant' to the subject matter of the lawsuit. Although this evidence constitutes work product because it is prepared solely in anticipation of litigation, Pa.R.C.P. 4003.3 provides that work

product is discoverable, with the exception of the mental impressions and opinions of the party's attorney and other representatives." *Id.* at 826.

On the issue of timing, the court stated:

"Having concluded that videotaped surveillance evidence is discoverable, we need not determine at this time when disclosure must occur; suffice it to say that under the Pennsylvania Rules of Civil Procedure, appellees were required, when questioned, to disclose whether they conducted videotaped surveillance of appellant prior to trial. We now must determine whether appellees' failure to disclose the evidence in the present case should have rendered it inadmissible." *Id.* at 827.

On the final issue, the court ruled that the defendant's surveillance evidence was admissible despite the defendant's failure to disclose the evidence prior to trial because the plaintiff failed to obtain a ruling on the defendant's objection to the plaintiff's pretrial inquiry regarding surveillance evidence.

In *Bindschusz v. Phillips,* 771 A.2d 803 (Pa. Super. 2001), the defendants sought a new trial based on the refusal of the trial court to permit them to use a surveillance film of the plaintiff. The film was taken six days prior to the start of the trial and was not disclosed until after the plaintiff testified.

The plaintiff had submitted interrogatories requesting disclosure of any surveillance films. Defense counsel's negative responses thereto were never timely supplemented as required by the Rules of Civil Procedure. The Superior Court upheld the ruling of the trial court because the defendants were required to supplement their

answers to interrogatories after obtaining the film and to list the surveillance film as a potential trial exhibit. Their failure to do so resulted in unfair and prejudicial surprise to the plaintiff.

The *Bindschusz* opinion quotes most of an opinion authored by a federal district court judge in *Snead v. American Export-Isbrandtsen Lines Inc.,* 59 F.R.D. 148 (E.D. Pa. 1973). In *Snead,* the plaintiff, who had not been deposed, sought a court order compelling the defendant to answer the plaintiff's interrogatory as to the existence and details of any surveillance activity. The court, recognizing that this discovery is governed by Federal Rule 26(b)(3), ruled that it would protect the needs of the plaintiff and the interests of the defendant by not requiring the defendant to answer interrogatories as to the existence of any surveillance materials until the plaintiff had been deposed as to his injuries and liabilities. Thereafter, the interrogatories were to be answered and the films, if they existed, were to be produced if the defendant wished to use any films at trial. The *Bindschusz* opinion states that the *Snead* opinion analyzed and properly resolved "this issue" in its ruling "on a motion to compel answers to interrogatories designed to disclose the existence of such films." 771 A.2d at 810.

In *Duncan v. Mercy Catholic Medical Center of Southeastern Pennsylvania,* 813 A.2d 6 (Pa. Super. 2002), defense counsel, after the plaintiffs had presented their case, sought to introduce a surveillance videotape showing the plaintiff-wife engaged in various activities. The defendants had obtained the videotape by subpoena from the wife's former employer. The trial court did not permit its use because the defendant had never supplemented its

response to an interrogatory requesting discovery of videotapes related to the present action. However, the court permitted the defendant to cross-examine the plaintiff-wife on the specific activities she performed on the videotape. On appeal, the Superior Court ruled that the trial court erred in permitting explicit descriptions of the video's content and granted a new trial. The court said it failed to see how this cross-examination prejudiced the plaintiffs any less than if the videotape itself had been admitted into evidence and played for the jury.

The court cited *Bindschusz* for the propositions that there is a duty to disclose and that the use of the video at trial constituted an unfair surprise. The court's opinion includes the following:

"On appeal, and without Pennsylvania authority on the admissibility of surveillance evidence withheld from discovery, this court turned to the courts of the Eastern District of Pennsylvania and their decisions regarding the Federal Rules of Civil Procedure. . . . Recognizing the competing interests of the defendant to expose fraud and of the plaintiff to test the integrity of impeachment evidence, the federal decisions require a defendant to disclose the existence of surveillance videos, but only after defendant has had the opportunity to depose a plaintiff regarding the extent and effect of plaintiff's alleged injuries. . . .

"This court agreed that the purpose of Pennsylvania's own discovery rules—prevention of surprise and unfairness, and the fostering of a fair trial on the merits—was best served by the procedure espoused in the federal cases. *Bindschusz,* 771 A.2d at 811 (citing *Snead v. Ameri-*

*can Export-Isbrandtsen Lines Inc.,* 59 F.R.D. 148 (E.D. Pa. 1973))." 813 A.2d at 10. (footnote omitted)

Plaintiffs contend that I am not bound by the portions of the *Bindschusz* and *Duncan* opinions quoting with favor the ruling of the *Snead* opinion requiring disclosure of surveillance tapes only after the defendant has been deposed. The only issues before the Superior Court in *Bindschusz* and *Duncan* were whether the defendants, if they wished to use the videotape at trial, were required to supplement their answers to interrogatories after obtaining the videotape and whether their failure to supplement their answers to interrogatories and to include the videotape as a potential trial exhibit resulted in unfair and prejudicial surprise to the plaintiff.

The issue that *Snead* addressed—whether a defendant must respond to discovery requests designed to disclose the existence of surveillance films before the plaintiff is deposed—was not presented in these cases.

In *Bindschusz,* the Superior Court quoted and emphasized in boldface type the following language from *Snead*:

**"Before any of these disclosures, however, the defense must be given an opportunity to depose the plaintiff fully as to his injuries, their effects and his present disabilities."** 771 A.2d at 811 (emphasis in original), quoting 59 F.R.D. at 151.

This opinion of the Superior Court with this quoted boldface language is intended to provide a guideline for trial courts that relates to the court's discussion of an issue which the court was addressing: whether surveillance videotapes must be produced.

For these reasons, I enter the following order of court:

ORDER

On December 28, 2004, it is hereby ordered that plaintiffs' motion to compel production of the surveillance tapes of plaintiff-husband prior to the taking of his deposition is denied. The parties shall agree upon a date by which the deposition of plaintiff-husband shall be taken.