J. A11024/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IRON CITY INDUSTRIAL CLEANING | : | IN THE SUPERIOR COURT OF |
| CORPORATION, T/D/B/A IRON CITY | : | PENNSYLVANIA |
| UNIFORM RENTAL, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1366 WDA 2013 |
| ARTHUR JAMES HOOK, | : | |
| D/B/A JIM'S TRANSMISSION SERVICE | : | |

Appeal from the Order, August 16, 2013,
in the Court of Common Pleas of Allegheny County
Civil Division at No. AR 11-007359


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 03, 2014**

Appellant ("Iron City Uniform") files this appeal from the order denying its post-trial motions following the jury's verdict in favor of appellee ("Jim's Transmission") in Iron City Uniform's breach of contract action against Jim's Transmission.[1]  Finding no error, we affirm.

The trial court accurately summarized the factual background and correctly framed the sole issue on appeal:

> Because Defendant Arthur James Hook, d/b/a
> Jim's Transmission Service ("Jim's Transmission") is

---

[1] An order denying post-trial motions is considered interlocutory and not appealable; appeal must ordinarily be taken from the entry of judgment on the docket.  ***Dominick v. Hanson***, 753 A.2d 824, 825 n.1 (Pa.Super. 2000).  However, where judgment is subsequently entered, as it was here on September 17, 2013, we may consider the appeal.  ***Id.***

in the motor vehicle repair business, employees' clothing gets dirty quickly. Hence, Jim's Transmission signed a written agreement with Plaintiff Iron City Industrial Cleaning Corporation t/d/b/a Iron City Uniform Rental ("Iron City Uniform") for the rental and cleaning of employee uniforms in 1997. The parties entered into a second agreement in 2000 and a third agreement in 2005. This 2005 agreement lasted for a term of five years but contained a provision for automatic five year renewal terms unless either party provided written notice of its intention not to renew within ninety days before the expiration of the term. This 2005 agreement also prohibited Jim's Transmission from renting uniforms from anyone except Iron City Uniform.

In 2011, Jim's Transmission stopped using Iron City Uniform and began renting employee uniforms from a different supplier. Claiming the agreement had automatically renewed, Iron City Uniform sued Jim's Transmission for breach of contract. Before presiding over the jury trial of the dispute held on May 22 and 23, 2013, I ruled that the jury would determine only whether the agreement had been renewed, and if so, whether Jim's Transmission breached it. If the jury found in favor of Iron City Uniform on both of the questions, money damages would be addressed in a subsequent non-jury trial. The Jury determined that the agreement between the parties had not been renewed, and I molded this Jury determination into a verdict in favor of Jim's Transmission. Iron City Uniform has appealed to the Superior Court of Pennsylvania from the verdict in favor of Jim's Transmission. This Opinion provides the reasons I believe the jury's determination was correct. See Pa.R.A.P. No. 1925(a).

During the trial, Arthur James Hook, the owner of Jim's Transmission, admitted that he signed a five year agreement with Iron City Uniform that "shall be automatically renewed for successive 260 revenue week periods unless either party provides 90 days

- 2 -

> written notice of its intention not to renew prior to the expiration of the then current period." Exhibit 1, paragraph 2. Because Mr. Hook also admitted that Jim's Transmission never provided written notice of intention not to renew, Iron City Uniform asked me to direct the jury to find that the contract had been renewed. The sole issue that Iron City Uniform will argue on appeal is that I made an error because I did not direct the jury to reach that verdict.

Trial court opinion, 10/21/13 at 1-2 (footnote omitted). We further note that the written agreement between the parties contains a clause providing that any amendment to the agreement must be in writing, signed by the parties.

Iron City Uniform raises the following issue on appeal:

> I. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND/OR ABUSED HIS DISCRETION IN NOT UTILIZING PLAINTIFF'S PROPOSED VERDICT SLIP WHICH DIRECTED THE JURY TO FIND THAT A CONTRACT EXISTED BETWEEN THE PARTIES AS A MATTER OF LAW AND/OR NOT INSTRUCTING THE JURY THAT IT MUST FIND THAT A CONTRACT EXISTED ON DECEMBER 2, 2010, BETWEEN THE PARTIES, THEREBY TAKING A MATTER OF LAW FROM THE JURY, AS IT WAS FOR THE COURT TO DECIDE WHE[THER] A CONTRACT EXISTED IN LIGHT OF THE TESTIMONY AND EVIDENCE AT TRIAL.

Iron City Uniform's brief at 4.

Appellant's issue presents a question of law as to whether the trial court should have determined that the contract between the parties automatically renewed rather than let the jury determine the issue.

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is de novo and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

***Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.***, 77 A.3d 1 (Pa.Super. 2013), quoting ***Ruby v. Abington Memorial Hospital***, 50 A.3d 128, 132 (Pa.Super. 2012), ***appeal denied***, 68 A.3d 909 (Pa. 2013).

We find that the trial court properly left to the jury the determination as to whether the contract automatically renewed. Evidence was presented at trial that brought into question whether the parties had modified the original agreement both as to whether 1) an amendment to the agreement had to be in writing; and 2) notice of termination of the agreement had to be in writing.

> A written contract which is not for the sale of goods may be modified orally, even when the written contract provides that modifications may only be made in writing. ***Universal Builders, Inc. v. Moon Motor Lodge, Inc.***, 430 Pa. 550, 244 A.2d 10 (1968). An agreement that prohibits non-written modification may be modified by subsequent oral agreement if the parties' conduct clearly shows the intent to waive the requirement that the amendments be made in writing. ***Accu-Weather v. Prospect Communications***, 435 Pa.Super. 93, 644 A.2d 1251 (1994). An oral contract modifying a prior written contract, however, must be proved by clear, precise and convincing evidence. ***Pellegrene v. Luther***, 403 Pa. 212, 169 A.2d 298 (1961).

***Somerset Community Hospital v. Allan B. Mitchell & Associates, Inc.***, 685 A.2d 141, 146 (Pa.Super. 1996).

The owner of Jim's Transmission gave testimony as to the events that led to the acrimony between the parties. Problems arose between the parties approximately eight to ten months before the contract was scheduled to automatically renew. (Notes of testimony, 5/22-23/13 at 114.) Among the problems Jim's Transmission noticed were uniforms being returned that were wearing out badly with buttons missing, ripped seams, and holes. (***Id.*** at 112.) Over the next three to four months, Jim's Transmission made numerous complaints but Iron City Uniform provided no meaningful response. (***Id.*** at 112-114.) At this point Jim's Transmission orally informed Iron City Uniform that they would not be renewing the contract. (***Id.*** at 114.) After the alleged renewal date of the original contract, a driver for Iron City Uniform brought a new contract for Jim's Transmission, insisting that they sign it. (***Id.*** at 115.) When Jim's Transmission refused to sign the new contract, in January, a superintendent with Iron City Uniform contacted them, telling them that the old contract was up and insisting that they sign the new contract. (***Id.*** at 115, 126.)

While possibly self-serving, if the jury believed this testimony, Iron City Uniform could be viewed as having waived written notice and accepted the oral notice that Jim's Transmission would not renew the contract because representatives of Iron City Uniform subsequently

contacted Jim's Transmission with a new contract, conceding that the old contract had expired, and insisting that Jim's Transmission sign a new contract. We agree with the trial court that in light of this evidence, it would have been improper for the court to determine that the original agreement had automatically renewed; this was a legitimate question for the jury.

Accordingly, having found no merit in the issue raised on appeal, we will affirm the judgment entered below. We also note that Jim's Transmission has filed a motion to quash this appeal. We deny that motion.

Judgment affirmed. Motion to quash denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:10/03/2014