Kathleen YOSKOWITZ

v.

Shahriar YAZDANFAR, M.D.
and Albert Einstein
Medical Center

**Appeal of F. James Gallo, Esq.**

Superior Court of Pennsylvania.

Submitted March 7, 2006.

Filed May 24, 2006.

F. James Gallo, Philadelphia, for appellant.

Frederic Eisenberg, Philadelphia, for appellee. (no brief filed)

BEFORE: JOYCE, LALLY–GREEN, and GANTMAN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, F. James Gallo, Esquire ("Attorney Gallo"), appeals from an order issuing a contempt citation against him. We reverse.

¶ 2 The trial court stated the factual and procedural history as follows:

This Opinion supports the Court's Orders dated April 7, issuing a contempt citation and fining attorney James Gallo $5,000, and June 2, 2005, reducing the fine to $1,000, for improper behavior which took place during the above-entitled medical malpractice trial.

This case alleging medical malpractice arose from the heart attack and death of a 51 year old male, John Yoskowitz, who was under the care of defendants. This litigation was plagued with numerous problems, including the improper behavior of counsel, as well as the improper behavior of several jurors, which may have resulted, in part, from counsel's behavior. Ultimately this case ended in a mistrial and will be retried in the near future.

Initially, the Court excused juror number seven because he was in a car accident over the preceding weekend and had been treated at the Albert Einstein Medical Center, one of the defendants in the action, for ongoing and serious pains. He requested to be relieved and the Court indicated the request was being seriously considered, which defense counsel opposed.

The more serious problem, however, and the problem which forced the mistrial determination, was revealed by an early morning visit from juror number two who reported that she and numerous other jurors had been untruthful when the Court asked them if they had discussed the case or passed notes regarding the case. She reported that the jury not only discussed the case and

passed notes about the case, parties and witnesses during trial, violating the Court's instruction, but they also voted for their desired verdict winner before the close of evidence. When the jury was questioned on this by the Court, several jurors were initially untruthful and denied such actions.

As a result of this circumstance, the Court found trial could not properly proceed with the existing jury panel. The Court ordered a mistrial and relieved the jury of its responsibility in this case. As stated above, this matter will be retried...

Two instances of misconduct gave rise to the Court's contempt citations against attorney Gallo; only the second was appealed. In the first instance, while defense attorney Gallo was conducting the examination of his expert, Dr. Gerber, he attempted to have Plaintiff's counsel operate, to some degree, the video/DVD machine he planned to use for illustrations during this examination. Plaintiff's counsel objected and a sidebar discussion ensued wherein the Court informed counsel that each had a responsibility to present his own witnesses and provide the technical support needed for any presentation. Defense counsel argued that he and Plaintiff's counsel had an agreement on this matter but Plaintiff's counsel responded that this was not true, that they had only agreed to share the rental fee for the equipment but as far as operating the machine, each counsel was on his own. The Court indicated that clearly, counsel could not properly expect other counsel to assist him in presenting his case, against his own interest. The Court told attorney Gallo that if he wanted to use the machine, he had to provide someone to do so; otherwise he had to proceed without the machine.

Shortly after this sidebar discussion, attorney Gallo, now before the jury, attempted to turn on the machine alone, speaking while doing so and commenting to the jury the substance of the sidebar, that he had relied on Plaintiff's counsel to do it the other day. When the Court warned him, reminding him that they had a sidebar discussion on this matter, counsel, in front of the jury, said flippantly to the Court: "Yes, we did." The Court excused the jury immediately and called another sidebar conference.

Back at sidebar the Court reminded counsel that the purpose of sidebar is to keep certain items from getting to the jury and it was improper for counsel to report the substance of such discussions to the jury. Further the Court reminded counsel that he did so after having been warned by the Court during this sidebar against making such statements. As the Court said: "It's very clear to me that that was an attempt to glean some favor with the jury, and it specifically was the conduct which was prohibited by the court... Accordingly, because you're now delaying the trial, I am going to hold you in contempt, I am fining you five hundred dollars."

Because counsel intentionally informed the jury of a matter which was not meant for them, counsel assumed a role reserved for the Court and because counsel treated the Court with disrespect, the Court was well within its discretion to sanction counsel for this contemptuous behavior. For a full recitation of this record, please refer to the Notes of Testimony. This contempt citation was not appealed.

The second contempt citation which is the subject of the instant appeal was ordered after the Court observed attorney Gallo's private conversation with Dr. Gerber during a break in the witness' direct examination. Initially counsel indicated that he had completed his direct examination of this witness and the Court found it a good time to break. Shortly thereafter, attorney Gallo's technical staff arrived to assist him with the video at issue in the first contempt citation discussed above. Counsel indicated that due to the arrival of his technical staff, he would like to continue his examination of Dr. Gerber after the break, using the video. The Court agreed to allow attorney Gallo to continue, after the break, using the video.

During the break that ensued, the Court observed attorney Gallo speaking privately with Dr. Gerber in the rear of the courtroom. The Court was disturbed by this behavior and questioned counsel on the record. When questioned, counsel responded that he thought it perfectly appropriate to have private conversations with his witness regardless of whether it was during direct examination...

Attorney Gallo defended his actions, telling the Court that he was merely informing Dr. Gerber that he would not use the video. If that was indeed the case, counsel need not have informed his expert privately, in the rear of the Court room, rather he simply needed to conclude his examination on the record. As the Court explained, regardless of what counsel represented to the Court about the contents or intent of the conversation, because it was not in anyone's presence and not on the record, the Court had no way of knowing definitively what was said and if it impacted the evidence in the case. If counsel needed to address the witness after the witness had been sworn in, counsel was required to do so in at least the presence of the Court and other counsel to avoid the result which occurred.

Trial Court Opinion, 9/21/05, at 1–6 (citations omitted). This appeal followed.[1]

¶ 3 Attorney Gallo raises the following issues on appeal:

1. Did the Trial Court err in ruling that private discussions between an attorney and his own witness are impermissible during the witness' direct examination?
2. Did the Trial Court err in ruling that attorney Gallo's private conversation with Dr. Gerber during Dr. Gerber's direct examination was a criminally contemptuous and sanctionable action?

Attorney Gallo's Brief at 4.

¶ 4 Our scope of review when considering an appeal from an order holding a party in contempt of court is narrow. *Rhoades v. Pryce*, 874 A.2d 148, 153 (Pa.Super.2005). Our standard of review of a contempt order is as follows:

A trial court's finding of contempt will not be disturbed absent an abuse of discretion. *Commonwealth v. Baker*, 564 Pa. 192, 198, 766 A.2d 328, 331 (2001). An appellate court cannot find an abuse of discretion merely for an error of judgment unless, in reaching a conclusion, the trial court overrides or misapplies the law or its judgment is manifestly unreasonable. *Id.*

*Commonwealth v. Ashton*, 824 A.2d 1198, 1202 (Pa.Super.2003).

¶ 5 Attorney Gallo essentially claims that the trial court erred in finding him in criminal contempt for having had a private conversation with his expert witness, Dr. Gerber, during a break in Dr. Gerber's direct examination testimony. The trial court relied on 42 Pa.C.S.A. § 4132(3) in determining that Attorney

Gallo had obstructed the administration of justice because the court was forced to halt the proceedings and question Attorney Gallo. Trial Court Opinion, 9/21/05, at 8.

¶ 6 Initially, no one disputes that this is a case of criminal contempt. Since the dominant purpose of the contempt citation is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. *Stahl v. Redcay*, 897 A.2d 478, 2006 Pa.Super. Lexis 244 (2006). "Criminal contempt is a necessary sanction utilized by the courts to protect the dignity and structure of the court and to protect the interests of the general public." *Commonwealth v. Martorano*, 387 Pa.Super. 79, 563 A.2d 1193, 1197 (1989).

¶ 7 The power to impose summary punishment for contempt of court, including criminal contempt, is controlled by 42 Pa. C.S.A. § 4132. That statute provides:

The power of the several courts of this Commonwealth to ... impose summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132. *See also Martorano*, 563 A.2d at 1196.

¶ 8 In order to sustain a criminal contempt citation on the basis of misbehavior, pursuant to 42 Pa.C.S.A. § 4132(3), there must be proof of the following elements beyond a reasonable doubt:

1. Attorney Gallo filed a Concise Statement of Matters Complained of on Appeal pursuant to the request of the trial court for same. The trial court filed an opinion on September 21, 2005.

(1) misconduct

(2) in the presence of the court

(3) committed with intent to obstruct the proceedings

(4) which obstructs the administration of justice.

42 Pa.C.S.A. § 4132(3); *Martorano*, 563 A.2d at 1197. In utilizing the above elements, this Court has sought to balance the rights of an attorney to an uninhibited judicial forum that preserves the right to zealous representation, with the right of a trial judge to authoritatively maintain order and integrity within his or her courtroom. *Martorano*, 563 A.2d at 1196. Conduct constitutes an obstruction of the administration of justice if it significantly disrupts the proceedings. *Id.* at 1197.

¶ 9 In the instant case, Attorney Gallo was defense counsel. The cross-examination of the defense's expert witness had not yet commenced. The Pennsylvania Rules of Evidence simply do not deal with the right of a witness to consult with counsel for the witness during the witness' examination.

¶ 10 The Pennsylvania Trial Guide provides some guidance as to the customary practice in the Commonwealth. The guide states, in relevant part:

> More as a matter of custom than as a matter of recognized legal procedure, courts frequently instruct the witness not to discuss his testimony if he is in the course of cross-examination when the recess occurs but refuse to impose the limitation of the witness if he is in the course of direct examination.

Pennsylvania Trial Guide (2d Revised Edition), Civil, § 5.54 Right of Witness to Consult with Counsel During Examination. *See also* Pennsylvania Trial Guide (2d Revised Edition), Evidence, § 3.11 Right of Witness to Consult with Counsel During Examination.

¶ 11 Our research has revealed scant case law that addresses consultation between counsel and his or her witness during a break in the direct examination of a witness. *See Commonwealth v. Dress*, 354 Pa. 411, 47 A.2d 197, 199 (1946) (District Attorney did not use any improper means to influence a boy to testify simply because the DA had had a conversation with the boy during a recess during direct examination. Rather, appellate courts must presume the DA acted in good faith because to hold otherwise on such facts or lack of them would be to seriously interfere with the administration of justice); *Commonwealth v. Bradley*, 311 Pa.Super. 330, 457 A.2d 911, 916 (1983) (trial court's declaration of mistrial was improper where defense counsel had had a private conversation with Commonwealth's testifying witness during the lunch recess that had interrupted the witness' direct testimony. Nothing *per se* improper about counsel having such discussion with the witness and nothing in the record to suggest that the witness had been instructed by the court not to talk to defense counsel during the break).

¶ 12 In the instant case, the trial court relied upon Section 4132(3) to determine that Attorney Gallo had misbehaved in the presence of the court, thereby obstructing the administration of justice. The court reasoned that this had occurred because the court was forced to halt the proceedings and question Attorney Gallo. Trial Court Opinion, 9/21/05, at 8. The trial court addressed this issue as follows:

> The Court indicated that it would be difficult to consider the testimony to be elicited from this witness as anything but suspect because of counsel's actions which counsel had to know were improper. The Court considered precluding this witness' testimony altogether. Defense counsel put plaintiff's counsel in a posi-

tion where he was forced to cross-examine a witness after possible clandestine coaching through this *ex parte* conversation. Plaintiff's counsel accordingly asked for a mistrial based on this behavior. The Court denied the mistrial but found attorney Gallo in contempt and fined him $5,000. The Court later reconsidered the fine and reduced the fine to $1,000 but did not vacate the finding of contempt.

"During a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony. Once a witness has been prepared and has taken the stand, that witness is on his or her own." *Hall v. Clifton Precision,* 150 F.R.D. 525, 528 (E.D.Pa.1993).

*Hall* dealt with the issue of coaching a witness primarily at depositions which the Court noted are designed to uncover facts at issue in a case. At trial, the burden on counsel is even greater as counsel are additionally responsible for upholding the rules of decorum and professional responsibility. Such rules require counsel to treat the Court, parties, witnesses and jurors with the utmost respect and to avoid at all costs the appearance of impropriety.

Counsel's actions were sanctionable for the reasons the Court mentioned during the trial: it would be difficult for the Court to view the evidence which followed the *ex parte* conversation as anything but suspect. While the jury was to have been the fact-finder in this case, the Court had the duty to ensure that evidence presented to the jury was not tainted. Accordingly, the Court must punish such misdeeds in Court and

the Court was well within its discretion to do so . . . .

Trial Court Opinion, 9/21/05, at 6–7.

 ¶ 13 The trial court relied upon a federal district court decision, *Hall v. Clifton Precision,* 150 F.R.D. 525, 528 (E.D.Pa.1993), to support its decision to fine Attorney Gallo for criminal contempt.[2] In *Hall,* plaintiff's counsel interrupted the deposition to privately confer with his client, the plaintiff, and to review a document with his client before the client answered questions regarding the document. *Id.* at 526. This was during the deposition of the plaintiff and over the objection of defense counsel. *Id.* The deposition was adjourned, and the questions were brought before the court. *Id.* The court reasoned that a deposition was meant to be a question-and-answer conversation between the deposing lawyer and the witness, and that where the witness' own lawyer acted as an intermediary, the answers of the witness could be colored. *Id.* The court prohibited conferences between the witness and counsel both during the deposition and during recesses. *Id.* The *Hall* court held *inter alia* that: (1) a lawyer and client do not have an absolute right to confer during the course of the client's deposition and that neither lawyer nor client may initiate private conferences once the deposition is underway, whether in the course of the deposition or upon a recess; (2) a lawyer may prepare a client for his/her deposition, but that once that deposition commences, the witness is to answer all questions without intervention or advice by the lawyer; and (3) the witness should ask the deposing lawyer, and not his or her own, to clarify or further explain if the witness does not understand the question. *Id.* at 528.

2. We note that federal cases have no precedential authority in this Court. *PECO Energy Co. v. Ins. Co. N. America,* 852 A.2d 1230, 1234 n. 5 (Pa.Super.2004).

¶ 14 *Hall* does not control this case. First, *Hall* is not controlling precedent. Second, this case involves a defense attorney talking with his own expert witness during a break, and not during questioning, in defense counsel's direct examination of the expert witness at trial.

¶ 15 To sustain the criminal contempt citation in the matter before us, there must be sufficient evidence to prove beyond a reasonable doubt that Attorney Gallo intended to significantly disrupt the April 2005 trial proceedings. 42 Pa.C.S.A. § 4132(3); *Martorano*. Here, the record reflects that the trial court was not forced to halt the proceedings because the court was in recess when the conversation occurred. N.T., 4/7/05, at 208. The trial court went back on the record a few minutes after the recess and questioned Attorney Gallo for a short period of time about his conversation with Dr. Gerber. *Id.* at 208–210. The record reflects the lack of any evidence demonstrating that the conduct of Attorney Gallo was intended to obstruct the proceedings. Further, the record fails to reflect a significant disruption of the proceedings.

¶ 16 We, as judges on an appellate court, are mindful that trial court judges have wide discretion in the management and conduct of trial proceedings. Thus, we are most careful not to second-guess trial court judges in the exercise of their discretion to so manage. Nevertheless, the record before us, in light of relevant case law, and custom, does not support a conviction for criminal contempt. Because the record fails to reflect the requisite proof beyond a reasonable doubt, the contempt citation cannot stand.

¶ 17 Order reversed.