**Davis v. Starosta**

C.P. of Northampton County, no. C0048CV200000 4644.

*Richard P. Abraham,* for plaintiff.
*John R. Hill,* for defendant Kohli.
*Candy B. Heimbach,* for defendants Jones and Easton Hospital.

PANELLA, *J.,* September 17, 2002—Before the court for disposition is the motion of defendant, Harjeet Kohli M.D., to strike objections to the issuance of subpoenas. For the reasons set forth below, the motion is hereby granted.

## PROCEDURAL HISTORY

This matter commenced with the filing of a praecipe for writ of summons on July 12, 2000, followed by the filing of the complaint on September 21, 2000. Thereafter, upon resolution of preliminary objections, plaintiff filed an amended complaint. In her amended complaint, plaintiff avers that the defendants were negligent in their

care of her minor daughter, Courtney Davis. Specifically, plaintiff avers that defendants failed to timely diagnose a bowel obstruction which resulted in Courtney's death. All defendants filed answers with new matter to the amended complaint, denying all allegations of negligence. In their new matter, all defendants asserted that plaintiff, Stephanie Davis, by way of her actions/inactions, was contributorily negligent with regard to the condition of her daughter. Defendant Harjeet Kohli M.D. issued and served subpoenas upon the Allentown Police Department; Lehigh County Children & Youth Services; and Pinebrook Services for Children & Youth. Defendant seeks the production of any and all investigative reports or other reports pertaining to Stephanie Davis as the result of the death of her daughter, Courtney Davis and/or her other children. Plaintiff filed objections to the subpoenas pursuant to Pa.R.C.P. 4009.21 on February 25, 2002. Thereafter, defendant, Harjeet Kohli M.D., filed a motion to strike the objections to the issuance of subpoenas and a brief in support thereof on June 13, 2002. The matter was heard on oral argument on June 25, 2002 and was submitted on brief by the parties. It is now ready for disposition.

## STATEMENT OF FACTS

This is a medical malpractice action arising from the death of minor decedent, Courtney Davis, in the emergency room of defendant Easton Hospital on July 18, 1998. The action is brought individually and on behalf of the estate of Courtney Davis, by her mother, Stephanie Davis. Plaintiff Stephanie Davis alleges that the defendants Daria Starosta D.O.; Harjeet Kohli M.D.;

Terrence Allen Jones M.D.; Michael Stephen Feldman M.D.; and Easton Hospital failed to timely diagnose a bowel obstruction upon presentment in the emergency room which caused the death of the minor decedent. In their defense, defendants argue in their new matter that plaintiff, Stephanie Davis, contributed to the death of her daughter by her inaction/action. Specifically, defendants assert that Courtney Davis showed signs of malnutrition upon admission to Easton Hospital indicating possible signs of abuse or neglect. In preparation of their defense, defendants issued subpoenas seeking the production of records and investigatory reports of the Allentown Police Department, Lehigh County Children & Youth Services, and Pinebrook Services for Children and Youth relating to the plaintiff, Stephanie Davis, the minor decedent, Courtney Davis and Ms. Davis' other children.

## DISCUSSION

### 1. *Relevancy of Information—Agency Records*

The plaintiff objects to the issuance of subpoenas on the grounds that the information sought goes beyond the scope of discovery pursuant to Pa.R.C.P. 4003.1. Defendant Kohli moves to strike plaintiff's objections pursuant to Pa.R.C.P. 4003.1 contending the information sought is discoverable generally. Defendant Kohli relies on the principle that requests for discovery must be considered with liberality as the rule rather than the exception. *Fitt v. General Motors Corporation,* 13 D.&C.4th 336, 337 (Lacka. Cty. 1992). We agree.

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure delineates the scope of discovery generally. The rule provides that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." See Pa.R.C.P. 4003.1(a). The requirement of relevancy is to be interpreted liberally permitting discovery if there is any conceivable basis of relevancy. *In re Greco Appeal,* 30 D.&C.3d 661, 662-63 (Beaver Cty. 1981). In determining the discoverability of particular matters, "courts have always resolved relevancy problems with liberality and generosity in favor of the litigant seeking, in good faith, information essential to a just presentation of his case." *Fitt v. General Motors Corporation, supra* at 338; *Hull v. Hudson Coal Co.,* 64 Lacka. Jur. 157, 159 (1962); *Dibble v. Simplex Industries,* 80 Lacka. Jur. 62, 63 (1979). Any objecting party may not object on the ground that the information sought would be inadmissible at trial. Pa.R.C.P. 4003.1(b). The scope of discovery covers any information which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, Pa.R.C.P. 4011 limits the scope of discovery in civil matters. Discovery is prohibited if sought in bad faith; causes unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; is beyond the scope of discovery; or would require the making of an unreasonable investigation by the deponent or any party or witness.

In the matter before the court, defendant, Harjeet Kohli M.D., seeks discovery of investigative reports and any information from the Allentown Police Department, Lehigh County Children & Youth Services and Pinebrook Services for Children & Youth relating to possible abuse/neglect of decedent, Courtney Davis, or plaintiff's other children. Defendant argues the information is relevant to his defense of contributory negligence on part of plaintiff, Stephanie Davis. Plaintiff objects to the information sought contending that the information is both privileged and irrelevant as it does not pertain to the underlying medical malpractice action. Clearly, the requested information is relevant to the defenses raised by the defendants. We now address the privilege issue.

## 2. Privilege of Information—Agency Records

The confidentiality statutes do not confer an absolute privilege to the requested records. See *Commonwealth v. Ritchie,* 509 Pa. 357, 502 A.2d 148 (1985). The agencies are permitted, under 23 Pa.C.S. §6340(b), to release the confidential records to the plaintiff both as the subject of the report and as a parent of the decedent. See also, *V.B.T. v. Family Services of Western Pennsylvania,* 705 A.2d 1325, 1333 (Pa. Super. 1998). It would give the plaintiff, Stephanie Davis, an unfair advantage in this litigation if plaintiff alone had access to this information. Accordingly, we have the authority to order the release of the requested information to plaintiff, Stephanie Davis, pursuant to *V.B.T. Family Services of Western Pennsylvania.*

Wherefore, we enter the following

## ORDER

And now, September 17, 2002, upon consideration of the motions to compel discovery and to strike objections, it is hereby ordered that:

(1) The objections to the subpoenas issued by the defendants to (a) Lehigh County Children & Youth Services, (b) Allentown Police Department, and (c) Pinebrook Services for Children & Youth are overruled, and the foregoing entities shall produce to Richard Abraham, Esquire, of Abraham, Bauer & Spalding P.C., 1600 Market Street, Fifth Floor, Philadelphia, PA 19103, who is counsel for Stephanie Davis, the records relating to Courtney and/or Stephanie Davis within 20 days of the date of this order, unless the aforementioned entities make application to the court to prevent the disclosure; and

(2) Plaintiff's counsel shall produce such records in their entirety to all counsel for the defendants within 10 days thereafter; and

(3) All parties and counsel are directed not to release any of the information produced under these subpoenas without prior approval of the court.