**JR Viewmont LLC v. PR Financing LP**

C.P. of Lackawanna County, No. 2012-CV-3840

MINORA, *J.*, Dec. 23, 2014—The issue currently before

this court is a joint appeal by the defendants PR Financing LP, SMS Holdings Inc., and Service Management Systems, Inc. This joint appeal arises from the decision of Special Trial Master (STM) Henry P. Burke denying the defendants motion to strike the plaintiffs objections to the notice of intent to Serve Subpoenas upon JR Montage, LLC and NEPA JR, LLC. For the reasons set forth below, the defendants joint appeal is denied and therefore the order of the Special Trial Master is sustained.

## PROCEDURAL AND FACTUAL HISTORY

This case arises from a dispute involving a lease between a tenant, JR Viewmont LLC, hereinafter 'JR', and the landlord, PR Financing LP, one of the above named defendants. The dispute concerns the leasing and subsequent construction, maintenance, and operation of the plaintiffs leased premises, containing a Johnny Rockets restaurant. The disputed leased property is located within the Viewmont Mall, which is owned by the landlord defendant PR Financing LP. Venue is proper because the mall is located in Dickson City, Lackawanna County, Pennsylvania. JR alleges that after signing a lease with the PR Financing LP, they were asked to sign an amended lease for the property at the request of PR Financing LP. JR alleges that they agreed to sign the amended lease regarding their lease of space inside the Viewmont Mall for the purposes of operating their Johnny Rockets restaurant.

By way of further background as to the different entities at issue on this appeal, Edward Hughes and Michael Hughes own NEPA, JR, LLC. NEPA JR, LLC in turn owns JR Montage, LLC, JR Viewmont LLC, and 48% of JR Mohegan. JR Montage, LLC operates a Johnny Rockets restaurant at Montage Mountain in Moosic, Pennsylvania. JR Mohegan operates a Johnny Rockets inside the Mohegan Sun Casino in Wilkes-Barre, Pennsylvania. Lastly, JR Viewmont, LLC, the plaintiff in the case at issue, operated a Johnny Rockets in the Viewmont Mall in Dickson City, Pennsylvania.

JR alleges that representations were made to them by PR Financing, LP regarding a construction project that would impact the area surrounding the leased property where the restaurant was located. JR further alleges that the following representations were made to them by the defendants: the aforementioned project would only take about three months to complete; the project plans were completed prior to the singing of the amended lease; that it had projections of increased foot traffic in that specific section of the Viewmont mall; the exterior entrance to the Johnny Rockets in the Viewmont mall would not be closed to the public or potential customers; the food court would be minimally obstructed for a few weeks; the construction would be performed overnight; the project would remove the exterior columns outside the Johnny rockets entrance; and the Johnny Rockets would be able to operate with having a patio in place of the exterior windows before and

after the project.

JR alleges that they relied on the aforementioned representations prior to entering into the amended lease. JR further alleges that they were induced to enter into the amended lease based upon the above representations made to them by the defendants. The project allegedly deviated from the representations set forth above, as JR claims those parameters to have been represented to them. JR alleges they have suffered significant financial damages from the breach of these representations as JR's business in the Viewmont Mall has allegedly suffered as a result of the defendant's representations, which were breached in several respects.

JR further alleges in their amended complaint that defendants SMS Holdings Inc. and Service Management Systems, Inc., were involved in a kickback scheme which resulted in further damages to the JR's business of operating the Johnny Rockets. SMS Holdings Inc. and Service Management Systems, Inc. were both allegedly involved in construction that was taking place at the Viewmont Mall during the time period in question. In turn, this was the cause of the JR's alleged loss of business and profits.

The defendants instant appeal alleges that the Special Trial Master erred and requests that this court should vacate the order and strike the plaintiffs objections to the proposed subpoenas to JR Montage, LLC and NEPA

JR, LLC because the financial records being sought are relevant to the defendants in the matter and can lead to the discovery of relevant evidence to the case at bar. Defendants claim that the financial records sought may tend to establish patterns of profits and losses by the Johnny Rockets restaurants in the same geographic location and operated by the same ownership.

Plaintiff argues that the defendants offer no compelling reason as to why its motion to strike should be allowed other than stating that the relevancy requirement is to be interpreted liberally. Plaintiff further claims that the allegations set forth in their amended complaint are specific only to the Johnny Rockets restaurant location at the Viewmont Mall. Plaintiff further alleges that if the defendant wishes to perform a general market data analysis that can be publicly available, and further, that as the owner and operator of dozens of malls, the defendants have access to significant data as to the financial records of these malls, as they have various restaurants as tenants.

This case was initiated by way of a complaint on June 22, 2012 and a subsequent amended complaint on November 30, 2012. On May 9, 2014, defendants served the plaintiff with a notice of intent to serve subpoenas to produce documents and things for discovery pursuant to Rule 4009.21. The proposed subpoenas were directed at JR. Montage, LLC and NEPA JR, LLC, seeking all financial records including financial statements, tax records, profits

and losses, expenses, budgets, and sales projections. On May 29, 2014, plaintiffs filed their objections to the proposed subpoenas. On July 17, 2014, the defendants filed a motion to strike the plaintiffs objection to the notice of intent to serve subpoenas. On August 4, 2014, Special Trial Master Burke issued an order denying the defendants motion to strike the plaintiffs objections of the notice of intent to serve subpoenas, therefore JR's objections to the proposed discovery by the defendants stands.

## DISCUSSION

A subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person. Pa.R.C.P. 234.1(a). Pennsylvania Rule of Civil Procedure 4009.21 sets forth the proper procedure for the discovery and production of documents within the control of a nonparty. In pertinent part, the rule states the following:

(a) A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to serve a subpoena at least twenty days before the date of service. A copy of the subpoena proposed to be served shall be attached to the notice.

Pa.R.C.P. 4009.21(a).

"...[D]iscovery is liberally allowed with respect to

any matter, not privileged, which is relevant to the cause being tried." *George v. Schirra*, 814 A.2d 202, 204 (Pa. Super. Ct. 2002). Most importantly, stewardship of the trial, including discovery rulings, are "uniquely within the discretion of the trial judge and, consequently, the court's rulings will not be reversed unless they are deemed to represent an abuse of discretion. *Id.*

Limitations regarding discovery are further stated in Pa.R.C.P. 4003.1(a) and Pa.R.C.P. 4011. The limitations contained in Pa.R.C.P. 4011 define the permissible scope of discovery. Specifically, Pa. R.C.P.4011(b) prohibits any discovery which could cause "unreasonable annoyance, embarrassment, oppression, burden, or expense to a deponent or any person or party," and Rule 4011(e) prohibits the making of an "unreasonable investigation by the deponent or any party or witness."

Rule 4011 states:

"No discovery or deposition shall be permitted which:

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

"(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

"(e) would require the making of an unreasonable

investigation by the deponent or any party or witness;

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure delineates the scope of discovery generally. The rule provides that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...". Pa.R.C.P. 4003.1(a).

Any objecting party may not object on the ground that the information sought would be inadmissible at trial. Pa.R.C.P. 4003.1(b). The scope of discovery covers any information which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, Pa.R.C.P. 4011 limits the scope of discovery in civil matters. Discovery is prohibited if sought in bad faith; causes unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; is beyond the scope of discovery; or would require the making of an unreasonable investigation by the deponent or any party or witness. *Davis v. Starosta*, 62 Pa. D. & C.4th 76, 80 (Pa. Com. Pl. 2002).

We first note that all parties have properly brought their discovery appeal to the decision of special trial master ("STM") before this court pursuant to Lacka.Co.R.C.P. 4000.1(b). This rule permits an order of a STM to be appealed de novo by presentation of a motion to the court

to be filed within 10 days of the appealed decision and upon proof of payment to the court of appropriate costs. We find that the present appeals are properly before this court.

Defendants cite to *PECO Energy Co. v. Ins. Co. of N. Am.*, 852 A.2d 1230, 1233 (Pa. Super. Ct. 2004), which states "[g]enerally, discovery is liberally allowed with respect to any matter, not privileged, which is relevant to the cause being tried." However, upon examination of the details in the present appeal, we find that there are substantial differences between the JR's restaurant location and the two other Johnny Rockets restaurants. First, there is a stand-alone restaurant at Montage and second, the other located in the Mohegan Sun casino. The locations of the three restaurants are substantially different. JR's restaurant is located in a food court inside of a mall. The primary clientele for this restaurant are shoppers in the mall coupled with passersby along a busy commercial roadway. The restaurant located at Montage is a stand-alone restaurant surrounded by various commercial properties. This restaurant caters to clientele who are visiting surrounding shops, a movie theatre, and a seasonal ski resort. The Mohegan Sun restaurant is located totally inside a casino. This particular restaurant's primary marketing strategy is to appeal to the clientele who are either visitors or gamblers at the casino. The restaurant located inside the casino is dependent upon the casino for its primary flow of potential customers and business. All

three restaurants have different and specifically unique target populations, marketing strategies, locations, and potential business flow among themselves. In turn, each restaurants financial records would likewise be different, unique, and independent from the others even if product cost and markups were similar. Accordingly, the financial records sought do not appear to lead to the discovery of relevant information bearing upon JR's restaurant in the Viewmont Mall.

Furthermore, the two restaurants at Montage and Mohegan Sun are not parties to the current litigation. Defendant submits that JR Viewmont, LLC is owned by the same two men, Edward and Michael Hughes, and the same corporation, NEPA JR, LLC, who own JR Montage, LLC and 48% of JR Mohegan. Defendants assert that this close nexus of ownership between the aforementioned corporations will establish financial management of the plaintiffs restaurant and trends in Northeastern Pennsylvania regarding the popularity of Johnny Rockets restaurants. Defendants further argue that the financial records sought are relevant to establish patterns of profits and losses at two other Johnny Rockets franchises that are owned by the same individuals as the plaintiffs and in the same geographical location. Defendant's claim that the nexus of ownership and close geographical location of the restaurants are relevant to a separate and distinct location of Johnny Rockets' business is unpersuasive. All three entities the defendant places at issue are not comparable in

terms of type of location, prospective clientele, marketing strategies, and business flow despite similar products. JR's restaurant at issue appears to be the only restaurant location that was subjected to substantial construction interference, which JR avers caused the decline in business. These facts distinguish JR's from the other two restaurants and further compels this court to believe the financial records sought are not relevant to the specific facts of our case.

Finally, as noted above, the facts on our case are location specific. The renovations and construction at the mall make the other locations financial records irrelevant. JR's allegations set forth in counts I — VIII of their complaint are directly interwoven into the negative impact of the construction and renovations in and around the mall where JR's restaurant was located. None of the other restaurant locations that the defendant seeks to discover financial records from share these specific facts, which represent the crux of the plaintiff's claim.

The subpoenas to these two other distinct entities do not appear to be reasonably calculated to lead to the discovery of admissible information for various reasons stated herein. After viewing the requests for discovery with deference to the rules liberal prism, we still find the financial records sought are not relevant to the case at hand, nor for the ostensible purpose for which they are sought.

## CONCLUSION

For the reasons stated herein, this court sustains the decision of the Special Trail Master and the joint appeal by the moving defendants is hereby denied.

## ORDER

Accordingly, this 23rd day of December, 2014, it is hereby ordered that the joint appeal by the defendants is denied and decision by the special trial master is sustained.

### S.B. v. J.B.