**NORTH RIVER INSURANCE COMPANY**

v.

**GREATER NEW YORK MUTUAL INSURANCE COMPANY.**

**Civ. A. No. 94–5554.**

United States District Court, E.D. Pennsylvania.

Jan. 20, 1995.

Timothy Costello and Francis J. Deasey, Deasey, Mahoney, Bender & McKenna, Ltd., Philadelphia, PA, for plaintiff.

James W. Christie and Mary Ellen Nepps, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendant.

### MEMORANDUM

BARTLE, District Judge.

The court has before it a discovery motion in one of two related actions involving a dispute between North River Insurance Company ("North River"), an excess insurance carrier, and Greater New York Mutual Insurance Company ("GNY"), a primary insurance carrier. In essence, the actions concern the payment of a settlement of a state court personal injury action brought by one Sandra McIlhenny against the parties' insureds. Plaintiff North River, as assignee and equitable subrogee of its insureds, claims in this action that defendant GNY refused in bad faith to settle the *McIlhenny* case before trial within GNY's $1 million policy limits. The trial resulted in a judgment of $5,796,000 in favor of Ms. McIlhenny. North River alleges that GNY's breach of its contractual duty of good faith caused the insureds and North River ultimately to settle the case for significantly in excess of the primary policy limits.

■ North River has moved under Rule 37 of the Federal Rules of Civil Procedure to compel GNY to identify, in answer to interrogatories, whether it has ever been a party to other bad faith actions in the last seven years and, if so, to set forth specifics. GNY has objected on the ground of relevancy. We agree with GNY's objection. These prior bad faith cases, if any, will necessarily involve totally different facts and circumstances from those present here. Such information not only is highly unlikely to have any relevance to whether or not GNY acted in bad faith in the *McIlhenny* lawsuit but does not even "appear reasonably calculated to lead to the discovery of admissible evidence." *See* Rule 26 of the Federal Rules of Civil Procedure. Any discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned. Allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

■ North River next seeks to compel GNY to provide documentation related to the reserves which GNY maintained in the *McIlhenny* case. GNY has refused to produce such information on the ground that it is not relevant. We disagree. The trial and settlement of the *McIlhenny* lawsuit spawned this present action. One of the major issues here is whether GNY acted in bad faith in not settling the *McIlhenny* case within its $1 million policy limits before trial, when Ms. McIlhenny was allegedly willing to do so.

State insurance law generally requires casualty insurance companies to set aside reserves upon notice of potential losses under their policies. *See, e.g.,* N.Y.Ins.Law § 1303 (McKinney 1985); 40 Pa.Cons.Stat.Ann. § 115. The reserves are established to pay those losses upon settlement or when liability is established. The existence of these reserves also allows state insurance departments to monitor the financial condition of the insurance companies they regulate for the protection of insureds and the public. The reserves, of course, must have some

relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any, purpose. Accordingly, the amount at which GNY set its reserves for the *McIlhenny* case is certainly germane to any analysis GNY made of its settlement value. This information, in turn, is relevant to the question of whether or not GNY acted in bad faith during the pretrial settlement negotiations. We find the cases and other authority cited by GNY to deny discovery either not on point or unpersuasive.

We emphasize that we are simply deciding a discovery motion. The court is not at this time ruling on the admissibility of evidence. Whether, for example, the danger of unfair prejudice or any confusion of the issues from evidence relating to GNY reserves would substantially outweigh its probative value under Rule 403 of the Federal Rules of Evidence is not before us and must await another day.

North River's motion to compel production of GNY's documentation on its reserves in the *McIlhenny* case will be granted. Otherwise, its motion will be denied.