J-A04015-21

2021 PA Super 145

| | | |
|---|---|---|
| JEFFREY E. PERELMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMOND G. PERELMAN REVOCABLE | : | |
| TRUST, SUCCESSOR TO RAYMOND G. | : | |
| PERELMAN, DECEASED, DILWORTH | : | |
| PAXSON, LLP, JOSEPH JACOVINI, | : | |
| LAWRENCE MCMICHAEL, MARJORIE | : | |
| OBOD, HAINES & ASSOCIATES, | : | |
| CLIFFORD E. HAINES, THE ESTATE | : | |
| OF RAYMOND G. PERELMAN, JEFFREY | : | |
| E. PERELMAN AND JEP | : | |
| MANAGEMENT, INC., COZEN | : | |
| O'CONNOR, P.C., STEPHEN A. | : | |
| COZEN, AND BRIAN P. FLAHERTY | : | |
| | : | |
| APPEAL OF: RAYMOND G. PERELMAN | : | |
| REVOCABLE TRUST, SUCCESSOR TO | : | |
| DEFENDANT RAYMOND G. | : | |
| PERELMAN, DECEASED, AND THE | : | |
| ESTATE OF RAYMOND G. PERELMAN, | : | |
| BY AND THROUGH ITS PERSONAL | : | |
| REPRESENTATIVES, RONALD O. | : | |
| PERELMAN AND DEBRA PERELMAN | : | No. 1464 EDA 2020 |

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2013-27085

BEFORE:   KUNSELMAN, J., KING, J., and PELLEGRINI, J.*

OPINION BY KING, J.:                               **FILED JULY 16, 2021**

Appellants, the Raymond G. Perelman Revocable Trust, successor to

defendant Raymond G. Perelman, deceased, and the estate of Raymond G.

Perelman, by and through its personal representatives, Ronald O. Perelman

---

* Retired Senior Judge assigned to the Superior Court.

and Debra Perelman, appeal from the order entered in the Montgomery County Court of Common Pleas, which denied their motion for protective order and directed Appellee, Cozen O'Connor, P.C. ("Cozen"), to produce certain documents during discovery. We affirm in part, reverse in part, and remand for further proceedings.

The trial court opinion set forth the relevant facts and procedural history of this appeal as follows:

> In this case, [Appellees] Jeffrey E. Perelman and JEP Management, Inc., [("JEP")] brought a Dragonetti action[1] against [Appellees] Cozen O'Connor, Stephen A. Cozen, and Brian P. Flaherty [collectively ("Cozen")] and [Appellants]. [JEP alleges] wrongful use of civil proceedings by [Cozen] during representation of [its] then-client—and Plaintiff Jeffrey E. Perelman's father—Raymond G. Perelman, in a series of past lawsuits against Jeffrey E. Perelman.

_____

[1] The Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8354, sets forth the following elements for a wrongful use of civil proceedings claim:

**§ 8351.  Wrongful use of civil proceedings**

**(a)  Elements of action.—**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

> (1)  he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

> (2)  the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a)(1), (2).

- 2 -

Specifically, [JEP alleges] that [Cozen] knew there was no basis to pursue the claims they initiated against Jeffrey.

The instant appeal arises out of a discovery dispute surrounding production of a handful of documents by [Cozen]. The documents in question were generated in connection with [Cozen's] representation of Raymond G. Perelman in his prior actions against Jeffrey E. Perelman, the plaintiff in the present Dragonetti action. On February 20, 2020, [Appellants] filed a motion for protective order concerning privileged documents, to which [Cozen] and [JEP] filed separate responses. [Appellants] filed a reply to [JEP's] opposition to their motion for protective order.

Specifically, there are nineteen (19) documents at issue in [Appellants'] motion for protective order, with [Appellants] requesting that the court issue a protective order preventing production of eighteen (18) of these. Of these documents, [Cozen] identified two as protected by both the work-product doctrine and by attorney-client privilege, one subject to no protections, and the remaining sixteen (16) protected by only the work-product doctrine.[2] [Appellants] assert that the eighteen (18) documents must not be produced, being subject to one or both of these privileges. [Cozen], on the other hand, maintain[s] that [it is] permitted to produce all of these documents, pursuant to Pennsylvania Rule of Professional Conduct 1.6(c)(4)'s self-defense exception. [JEP] also opposed the motion for protective order, taking the position that the documents at issue should be produced by [Cozen].

Beyond the issue of mere production of these nineteen (19) documents, the motion for protective order also implicates questions of waiver of privilege as to other documents not before the court at this time. Both [Appellants] and [Cozen] requested that this court enter an order expressly ruling that neither waived their privileges as to other potentially confidential documents relating to the same subject

---

[2] On January 20, 2020, Cozen forwarded a chart to JEP, which provided a brief description and asserted the applicable privilege for each of the documents Cozen sought to produce. (*See* Motion for Protective Order, filed 2/20/20, at ¶4; Memorandum of Law, filed 2/20/20, at Exhibit A).

matter.[3] In their response in opposition to the motion for protective order, [JEP] argued that the court should decline to rule on the privileges afforded to any other documents beyond the nineteen (19) before it in the motion for protective order and instead defer such ruling to a later time, only after production of other documents or information is actually sought by [JEP].

Following argument before Discovery Master Andrew L. Braunfeld, the court denied [Appellants'] motion for protective order in an order dated July 20, 2020.

(Trial Court Opinion, filed October 5, 2020, at 1-3) (internal citations to the record, quotation marks, and some capitalization omitted).

Specifically, the trial court ordered Cozen to produce the disputed

_____

[3] If the court permitted Cozen to produce the documents at issue, Appellants specifically requested alternative relief in the form of an order recognizing that:

(a) they have not waived Mr. Perelman's privileges concerning those documents or Mr. Perelman's privileges as to other confidential communications relating to the same subject matter in those documents;

(b) [Cozen has] not waived Mr. Perelman's privileges concerning those documents or Mr. Perelman's privileges as to other confidential communications relating to the same subject matter in those documents;

(c) the privilege(s) of any other party affected by those documents who may assert a privilege has not been waived; and

(d) any privilege asserted in connection with those documents is preserved and any privilege asserted as to other confidential communications relating to the same subject matter in those documents is preserved.

(Motion for Protective Order at ¶9).

documents regardless of their containing information that applies within attorney-client privilege, attorney work-product, or both. (**See** Order, filed 7/20/20, at ¶2). Further, the court declined to rule on the question of waiver, instead stating that the court would address future issues of privilege as they might arise. (**Id.** at ¶4).

Appellants timely filed a notice of appeal on August 5, 2020. On August 10, 2020, the court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellants timely filed their Rule 1925(b) statement on August 31, 2020.

Appellants now raise two issues for our review:

> Did the trial court err by ordering production of the 18 documents on grounds that (a) the "self-defense" exception to Pa.R.P.C. 1.6 overrides the attorney-client privilege and work product protection concerning those documents, an issue of first impression under Pennsylvania law, and (b) the explanatory comments to Pa.R.Civ.P. 4003.3 also permit production of the documents in this subsequent action?

> Did the trial court err by declining to grant the alternative relief requested by the client in the event the trial court ordered the lawyers to produce the 18 documents— specifically, a ruling that the client preserved his attorney-client privilege and work product protection to protect discovery concerning documents ordered for production and their subject matters, thereby disregarding the narrow scope of the "self-defense" exception to Rule 1.6?

(Appellants' Brief at 5-6).

As a prefatory matter, "[a]n appeal may be taken only from a final order unless otherwise permitted by statute or rule." ***Carbis Walker, LLP v. Hill, Barth and King, LLC***, 930 A.2d 573, 577 (Pa.Super. 2007) (quoting ***Ben v.***

- 5 -

*Schwartz*, 556 Pa. 475, 481, 729 A.2d 547, 550 (1999)). Collateral orders are an exception to this general rule. *See* Pa.R.A.P. 313.

> To qualify as a collateral order under Rule 313, the order must be separate and distinct from the underlying cause of action. Additionally, it is not sufficient that the issue under review is important to a particular party; it must involve rights deeply rooted in public policy going beyond the particular litigation at hand. Finally, there must be no effective means of review available after an Order requiring the production of documents is reduced to judgment.
>
> Significantly, Pennsylvania courts have held that discovery orders involving potentially confidential and privileged materials are immediately appealable as collateral to the principal action. This Court has also recognized that an appellant's colorable claim of attorney-client and attorney work-product privilege can establish the propriety of immediate appellate review.

*Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1123-24 (Pa.Super. 2007) (internal citations and quotation marks omitted).

Here, the order at issue is separable from the main cause of action, as this Court can address Appellants' claims of privilege without an analysis of the underlying Dragonetti action. Additionally, the issues of attorney-client privilege and the work-product doctrine implicate rights deeply rooted in public policy. *See id.* Further, enforcement of the order would allow Cozen to disclose the disputed documents. Thus, there would be no effective means of review available. *Id.* Accordingly, the order on appeal is collateral to the main cause of action and immediately appealable. *Id.*

In their first issue, Appellants contend the attorney-client privilege protects confidential client-to-attorney or attorney-to-client communications

made for the purpose of obtaining or providing professional legal advice. Appellants also assert that Pa.R.C.P. 4003.3 prohibits discovery of attorney work product, including "mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." (Appellants' Brief at 21) (quoting Pa.R.C.P. 4003.3). Appellants acknowledge the "self-defense" exception in Pa.R.P.C. 1.6(c)(4), which the trial court cited to support disclosure of the privileged documents. Appellants insist, however, that there is no Pennsylvania appellate authority holding that Rule 1.6(c)(4) nullifies attorney-client privilege and the work-product doctrine such that production of the privileged documents is required in this case. Moreover, Appellants maintain that the Rules of Professional Conduct are not substantive law. (*See id.* at 23) (citing **Commonwealth v. Chmiel**, 558 Pa. 478, 495, 738 A.2d 406, 415 (1999), *cert. denied*, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000)).

Further, Appellants aver that the trial court erroneously relied upon the explanatory comment to Pa.R.C.P. 4003.3 to support its decision regarding disclosure. Appellants argue that "the facts of the subject discovery dispute differ from the two scenarios noted in paragraphs 3 and 4 of the explanatory comments." (Appellants' Brief at 27). Appellants also claim that "explanatory comments are non-binding 'since [they] have not been officially adopted or promulgated by [our Supreme] Court, nor do they constitute part of the rule.'" (*Id.*) (quoting **In re Estate of Plance**, 644 Pa. 232, 270 n.13, 175 A.3d 249,

272 n.13 (2017)). Based upon the foregoing, Appellants insist that the court committed an error of law in determining that Appellants' assertion of privilege is subordinate to the self-defense exception in Pa.R.P.C. 1.6. Appellants conclude that this Court must reverse the order denying their motion for protective order. We disagree.

"Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard. To the extent that the question involves a pure issue of law, our scope … of review [is] plenary." **Berkeyheiser, supra** at 1125 (quoting **Crum v. Bridgestone/Firestone North American Tire, LLC**, 907 A.2d 578, 585 (Pa.Super. 2006)). "The trial court is responsible for '[overseeing] discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure.'" **Id.** (quoting **PECO Energy Co. v. Insurance Co. of North America**, 852 A.2d 1230, 1233 (Pa.Super. 2004)).

Pennsylvania Rule of Civil Procedure 4003.1 governs the scope of discovery as follows:

> **Rule 4003.1. Scope of Discovery Generally. Opinions and Contentions**
>
> (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, **not privileged**, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content,

custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a) (emphasis added).

"Certain materials are privileged and beyond the scope of discovery." **Berkeyheiser, supra** at 1126. "[T]he attorney-client privilege has deep historical roots and indeed is the oldest of the privileges for confidential communications in common law." **Red Vision Systems, Inc. v. National Real Estate Information Services, L.P.**, 108 A.3d 54, 60 (Pa.Super. 2015), *appeal denied*, 632 Pa. 663, 116 A.3d 605 (2015). The privilege is defined by statute as follows:

### § 5928. Confidential communications to attorney

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S.A. § 5928.

"Despite the language of the statute, communications from an attorney to a client—not just communications by a client to an attorney—are protected under Pennsylvania law." **Office of Disciplinary Counsel v. Baldwin**, ___ Pa. ___, ___, 225 A.3d 817, 849 (2020). "The purpose of the attorney-client privilege is to 'foster a confidence between attorney and client that will lead to a trusting and open dialogue.'" **Berkeyheiser, supra** at 1126 (quoting **Gocial v. Independence Blue Cross**, 827 A.2d 1216, 1222 (Pa.Super.

2003)).

The attorney-client privilege is not absolute. ***See Red Vision Systems,*** ***supra*** at 62. "The privilege exists only to aid in the administration of justice, and when it is shown that the interests of the administration of justice can only be frustrated by the exercise of the privilege, the trial judge may require that the communication be disclosed." ***Id.*** (quoting ***Cohen v. Jenkintown*** ***Cab Co.***, 357 A.2d 689, 693-94 (Pa.Super. 1976)).

Unlike the attorney-client privilege, the work-product privilege "does not necessarily involve communications with a client." ***Gillard v. AIG Ins. Co.***, 609 Pa. 65, 89 n.16, 15 A.3d 44, 59 n.16 (2011). Pennsylvania Rule of Civil Procedure 4003.3 governs attorney work product as follows:

**Rule 4003.3.  Scope of Discovery.  Trial Preparation Material Generally**

Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent.  The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories.  With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

**Explanatory Comment—1978**

The amended Rule radically changes the prior practice as to discovery of documents, reports and tangible things

prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent.

\* \* \*

There are, however, situations under the Rule where the legal opinion of an attorney becomes a relevant issue in an action; for example, an action for malicious prosecution or abuse of process where the defense is based on a good faith reliance on a legal opinion of counsel. The opinion becomes a relevant piece of evidence for the defendant, upon which defendant will rely. The opinion, even though it may have been sought in anticipation of possible future litigation, is not protected against discovery. A defendant may not base his defense upon an opinion of counsel and at the same time claim that it is immune from pre-trial disclosure to the plaintiff.

As to representatives of a party, and sometimes an attorney, there may be situations where his conclusions or opinion as to the value or merit of a claim, not discoverable in the original litigation, should be discoverable in subsequent litigation. For example, suit is brought against an insurance carrier for unreasonable refusal to settle, resulting in a judgment against the insured in an amount in excess of the insurance coverage. Here discovery and inspection should be permitted *in camera* where required to weed out protected material.

\* \* \*

Pa.R.C.P. 4003.3.

We recognize that evidentiary privileges are not favored. ***BouSamra v. Excela Health***, 653 Pa. 365, \_\_\_, 210 A.3d 967, 975 (2019). "Courts should permit utilization of an evidentiary privilege 'only to the very limited extent that … excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining

the truth.'" **Id.** (quoting **Commonwealth v. Stewart**, 547 Pa. 277, 282, 690 A.2d 195, 197 (1997)).

Pennsylvania Rule of Professional Conduct 1.6 provides, in pertinent part, as follows:

> ### Rule 1.6.  Confidentiality of Information
>
> (a)   A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).
>
> *    *    *
>
> (c)   A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:
>
> *    *    *
>
> (4)   to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]

Pa.R.P.C. 1.6(a), (c)(4).  "The confidentiality provisions of Rule 1.6 provide broader protections than does the attorney-client privilege." **Baldwin, supra** at ____, 225 A.3d at 843.

An attorney may violate Rule 1.6(a) if he discloses client confidences "without justification otherwise set forth in Pa.R.P.C. 1.6(c)(3) or (4)." **Id.** ____, 225 A.3d at 856.  Regarding the self-defense exception, the explanatory comment to Rule 1.6(c)(4) states:

[W]here a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client. Such a charge can arise in a civil, criminal, disciplinary or other proceeding and can be based on a wrong allegedly committed by the lawyer against the client or on a wrong alleged by a third person; for example, a person claiming to have been defrauded by the lawyer and client acting together. If the lawyer is charged with wrongdoing in which the client's conduct is implicated, the rule of confidentiality should not prevent the lawyer from defending against the charge. The lawyer's right to respond arises when an assertion of such complicity has been made. Paragraph (c)(4) does not require the lawyer to await the commencement of an action or proceeding that charges such complicity, so that the defense may be established by responding directly to a third party who has made such an assertion. The right to defend also applies, of course, where a proceeding has been commenced.

Pa.R.P.C. 1.6 Explanatory Comment at ¶14.

Instantly, the trial court relied on Rule 1.6(c)(4) in ordering production of the documents at issue:

Based upon its plain language, Rule 1.6(c)(4)—and Comment 14 interpreting this section—clearly governs the court's ruling on [Appellants'] motion for protective order, given that [JEP's] Dragonetti action against … Cozen is a "civil claim" based upon allegations relating to a "proceeding concerning the lawyer's representation of the client." That the Dragonetti action is a third-party claim made by [JEP] rather than [Appellants] … does not negate Rule 1.6(c)(4)'s application to the instant case. The broad language of Rule 1.6(c)(4) and Comment 14 simply requires that there be a "civil claim" or "legal claim" alleging misconduct of the lawyer arising from representation of a client for the self-defense exception to apply. Noticeably absent from this rule is any language limiting its application to only those civil

- 13 -

claims where a client brings an action against their own attorney.

(Trial Court Opinion at 7) (internal citation and some capitalization omitted).

Contrary to Appellants' assertions, the evidentiary privileges protecting these documents are not absolute or favored. ***See BouSamra, supra***; ***Red Vision Systems, supra***. Although Appellants correctly note that our Rules of Professional Conduct do not constitute substantive law, our Supreme Court has acknowledged that Rule 1.6(c)(4) can provide a justification for a lawyer's disclosure of client confidences. ***See Baldwin, supra***. On this record, we conclude that the court did not commit an error of law in applying the self-defense exception set forth in Rule 1.6(c)(4).[4] ***See Berkeyheiser, supra***. Accordingly, Appellants are not entitled to relief on their first claim.

In their second issue, Appellants contend their motion for protective order requested alternative relief if the court determined that Pa.R.P.C. 1.6 authorized disclosure of the documents at issue. Specifically, Appellants "sought a ruling that preserved [their] attorney-client privilege and work product protection to protect discovery concerning the documents ordered for production and the subject matter of those documents." (Appellants' Brief at 32-33). Appellants assert that the court's denial of this alternative relief

---

[4] Regarding Appellants' argument that the court erroneously relied upon the explanatory comment to Pa.R.C.P. 4003.3, we need not address this claim further due to our conclusion that the court properly applied Pa.R.P.C. 1.6. ***See In re Jacobs***, 15 A.3d 509, 509 n.1 (Pa.Super. 2011) (stating this Court is not bound by rationale of trial court and may affirm on any basis).

effectively broadened the scope of the self-defense exception in Pa.R.P.C. 1.6 and exposed Appellants to a claim that they had waived their privileges with respect to the subject matter of the documents in question. Appellants argue that Cozen cannot waive Appellants' privileges, and they need not consent to Cozen's production of the documents simply because Cozen believed that disclosure was necessary.

Moreover, Appellants explain that they did not ask the court to make a ruling for "other privileges afforded in other documents not before it, future issues of privilege, or potential future discovery disputes…." (*Id.* at 36). Rather, Appellants emphasize that they sought

> an order that affirmatively preserved the attorney-client privileges and work product protections of those 18 documents and of the subject matter of those documents so that [JEP], or any other party, could not later claim that the production of the 18 documents selected by [Cozen] constituted a subject matter or category waiver related to those documents in other documents, discovery or information.

(*Id.* at 36-37) (emphasis omitted). Appellants conclude this Court must reverse the portion of the court's order denying Appellants' request for alternative relief.

Regarding the request for alternative relief, Cozen maintains Appellants "have not waived the attorney-client privilege with respect to any documents whatsoever, nor [has Cozen] waived the work-product protection with respect to any documents other than the 18 documents at issue." (Cozen's Brief at 14). Further, Cozen relies on the explanatory comment to Pa.R.P.C. 1.6 for

the proposition that any confidential documents that are not necessary for self-defense will remain confidential. Cozen concludes that this Court should reverse the trial court's order "insofar as the order refused to rule that any privilege or work-product protection asserted as to **other** confidential documents—including those relating to the same subject matter—would be preserved." (**Id.**) (emphasis in original). We agree that the portion of the order denying Appellants' request for alternative relief must be reversed.

"[B]ecause the purposes of the attorney-client privilege and the work product doctrine are different, the waiver analysis for each rule necessarily diverges as well." **BouSamra, supra** at ___, 210 A.3d at 977. "Whereas disclosure to a third party generally waives the attorney-client privilege, the same cannot be said for application of the work product doctrine because disclosure does not always undermine its purpose." **Id.** at ___, 210 A.3d at 977-78 (internal footnote omitted). **See also Baldwin, supra** (explaining attorney may not self-determine waiver absent express consent to disclosure of confidential communications). "As the purpose of the doctrine must drive the waiver analysis, … the work product doctrine is waived when the work product is shared with an adversary, or disclosed in a manner which significantly increases the likelihood that an adversary or anticipated adversary will obtain it." **BouSamra, supra** at ___, 210 A.3d at 978.

Instantly, the motion for protective order indicated that Appellants did not consent to Cozen's production of the eighteen privileged documents. If

the court allowed Cozen to produce some or all of the documents, however, Appellants asked the court for an on-the-record statement indicating that Appellants had not waived their privileges concerning any other confidential communications regarding the same subject matter.[5]  (**See** Motion for Protective Order at ¶9).  Because an attorney may not self-determine waiver absent a client's express consent to disclosure of confidential communications, Appellants did not actually waive their attorney-client privilege with respect to any documents.  **See Baldwin, supra**.

Likewise, Cozen did not waive attorney work-product protections for any items other than the eighteen documents subject to disclosure.[6]  **See BouSamra, supra**.  **See also Bagwell v. Pennsylvania Dept. of Educ.**, 103 A.3d 409, 419 (Pa.Cmwlth. 2014) (explaining under federal law, general rule regarding voluntary disclosure of privileged attorney-client communications is that disclosure waives privilege as to all other communications on same subject; however, Pennsylvania courts have **not** adopted subject-matter waiver; moreover, selective disclosure of privileged

_____

[5] In their brief, Appellants clarify that they sought "an alternative ruling that preserved [Appellants'] attorney-client and work product privilege assertions … so that [JEP], or any other party, could not contend that the production constituted **a subject matter or category waiver** of the same subject matter contained in the 18 documents."  (Appellants' Brief at 34) (emphasis added).

[6] In Cozen's answer to the motion for protective order, it admitted that any privilege asserted as to other confidential communications was preserved. (**See** Answer, filed 3/11/20, at 4).

documents did not constitute subject-matter waiver). Consequently, we reverse that part of the court's order that declined to find that the parties had not waived privileges for other confidential communications relating to the same subject matter.[7] We remand for the entry of an order consistent with this decision, which grants Appellants' request for alternative relief.

Order affirmed in part, reversed in part, and case remanded. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2021

_____

[7] In its opinion, the trial court asserted: "To do as [Appellants] requested and issue an overly-broad blanket order expressly preserving privilege regarding documents not before it would require a level of clairvoyance improper to task the court with exercising." (Trial Court Opinion at 11). We disagree with the court's assessment that it needed a "level of clairvoyance" to address Appellants' request for alternative relief. Rather than requesting some type of prophylactic decision about documents not before the court, Appellants simply sought confirmation of the state of their existing privileges in the wake of an order requiring production of the documents at issue.