J-A25024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL T. VICTOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J. CRAIGE PEPPER | : | |
| | : | |
| Appellant | : | No. 13 WDA 2022 |

Appeal from the Order Entered December 9, 2021
In the Court of Common Pleas of Erie County Civil Division at No(s):
12932-2019

BEFORE:  PANELLA, P.J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 22, 2023**

Appellant J. Craige Pepper (Wife) appeals from the order granting, in part, the request for attorneys' fees filed by Michael T. Victor (Husband), denying Wife's counterclaim for attorneys' fees and motion for modifications to the prenuptial agreement, and resolving all economic claims in connection with the parties' divorce action.  We affirm.

By way of background, Husband and Wife executed a prenuptial agreement in June of 2004.  The agreement stated that both parties were "giving up any and all rights he or she may have in the estate of the other except as provided in this [a]greement or in the other's [w]ill, documents [of] a testamentary nature or lifetime documents that are executed in the future by the parties[.]"  Prenuptial Agreement, 6/25/04, at 2.  In relevant part, the parties agreed to waive "[a]ny and all interest that either party has, or may acquire at any time during marriage, or thereafter, in any pension plan, profit

sharing plan, individual retirement account, or other retirement plan or account, including the increase in value thereof[.]" *Id.* at 4. Additionally, the agreement provided that if either party retained counsel for purposes of enforcing or preventing a breach of the parties agreement, "the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and expenses for the services rendered to such prevailing party." *Id.* at 13-14. The parties were subsequently married on July 14, 2004.

Husband filed a divorce action on October 25, 2019. On July 22, 2021, the trial court issued an order granting a bifurcated divorce.[1] *See* Trial Ct. Order, 7/22/21. The trial court scheduled an evidentiary hearing to resolve the parties' unresolved economic claims. *See* Trial Ct. Order, 7/28/21.

Prior to the evidentiary hearing, Wife filed interrogatories in which she requested information concerning Husband's retirement funds and the beneficiary designation for each account. Husband filed an objection stating that "said discovery is not reasonably calculated to lead to the discovery of admissible evidence" and was "sought in bad faith." *See* Husband's Obj. to Interrog., 8/23/21, at 2.

On September 14, 2021, Wife filed a motion to compel Husband's response to her first set of interrogatories. *See* Wife's Mot. to Compel, 9/14/21. Therein, Wife reiterated that Husband had named her as the

---

[1] *See* 23 Pa.C.S. § 3323(c.1).

beneficiary on certain retirement accounts during their marriage.  *Id.* at ¶ 6.

Further, although Husband claimed that the requested information would not

lead to admissible evidence, Wife argued that the beneficiary designation was

relevant because it constituted "a valid modification of the [p]re-[m]arital

[a]greement thus providing her with a vested interest in said accounts."  *Id.*

at ¶¶ 6-7.  In response, Husband filed an answer stating that the information

sought by Wife pertained to accounts that were "owned solely by [Husband],

by virtue of the parties' prenuptial agreement" and reiterated that it would not

"lead to the discovery of admissible evidence."  Husband's Answer to Mot. to

Compel, 9/22/21.

The trial court conducted an evidentiary hearing on September 30,

2021.  At that time, Wife argued that the information about Husband's

retirement accounts was necessary in order for the court to determine whether

the parties had modified their prenuptial agreement.  N.T. Hr'g, 9/30/21, at

2-6.  Therefore, Wife requested that the trial court allow additional discovery

on that issue.  *Id.*  Husband argued that, in the absence of a written document

signed by both parties, there could be no modification to the parties'

prenuptial agreement.  *Id.* at 7-8.  Further, Husband asserted that even if

Wife were listed as the beneficiary on his retirement accounts, it would not

give Wife any right to those funds under the Employee Retirement Income

Security Act,[2] (ERISA). *Id.* at 8. At the conclusion of the hearing, the trial court took the matter under advisement. *Id.* at 10.

On October 24, 2021, the trial court issued an order denying Wife's motion to compel discovery, which stated that "if [Husband] identified [Wife] as a beneficiary on any of his retirement benefit accounts from date of marriage to date of separation[,] then such designation is inconsequential [and] that such retirement benefit accounts remain the separate property of [Husband] under the [June 24, 2004] premarital agreement[.]" *See* Trial Ct. Order, 10/4/21.

The trial court held a second evidentiary hearing on November 30, 2021. Among other issues, the parties presented evidence in support of their respective claims for attorneys' fees. *See* N.T. Hr'g, 11/30/21, at 44, 59, 76. Additionally, although Wife attempted to cross-examine Husband about his retirement accounts, the trial court sustained Husband's objection based on its prior ruling. *Id.* at 57-58.

Ultimately, on December 9, 2021, the trial court issued an order (1) granting Husband's motion for attorneys' fees in part, (2) denying Wife's motion for attorneys' fees and modification of the premarital agreement, and (3) resolving all claims between the parties in connection with their divorce. *See* Trial Ct. Order, 12/9/21. The trial court also issued an opinion explaining the basis for its conclusions. *See* Trial Ct. Op., 12/9/21.

---

[2] 29 U.S.C. §§ 1001-1461.

Wife filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) order incorporating its December 9, 2021 opinion.

On appeal, Wife raises the following issues for review:

1. Did the trial court err by denying Wife's request to conduct discovery into the existence of beneficiary designations for Husband's retirement accounts in its order of October 4, 2021, where Wife alleged that Husband did name her as his beneficiary, and by doing so created a binding modification of the premarital agreement and/or an irrevocable appointment which under ERISA was not subject to exclusion from marital assets by the premarital agreement?

2. Did the trial court err by awarding attorney's fees to Husband in its order of December 9, 2021, even though Wife had a good faith basis, and was procedurally obligated, to file the petition to claim rights under the Divorce Code, to preserve issues of asset distribution and interpretation of the premarital agreement?

Wife's Brief at 5.

**Discovery Request / Prenuptial Agreement**

In her first claim, Wife argues that the trial court erred by "failing to allow discovery into Husband's retirement plan accounts and beneficiary designations." *Id.* at 16. Specifically, she claims that the information was "relevant to [her] claims for equitable distribution and support," and that she "had the right to establish, with testimony and with the forms Husband and Wife executed and submitted to Husband's retirement plan administrators, that the parties modified the premarital agreement to grant her survivor benefits." *Id.* at 17. In support, Wife contends that her rights to Husband's

retirement funds are protected by ERISA and that, although the trial court treated the premarital agreement "as waiving all of Wife's economic rights, . . . the trial court failed to recognize that the [a]greement, though valid, could not waive Wife's rights protected under federal law." *Id.* at 19. She also argues that "even if the [a]greement could somehow override federal law, Wife's discovery was relevant to whether the parties modified the [a]greement by their actions." *Id.*

"Generally, discovery is liberally allowed with respect to any matter, not privileged, which is relevant to the cause being tried." ***PECO Energy Co. v. Insurance Co. of North America***, 852 A.2d 1230, 1233 (Pa. Super. 2004) (citation and quotation marks omitted). "[I]n reviewing the propriety of a discovery order, our standard of review is whether the trial court committed an abuse of discretion. However, to the extent that we are faced with questions of law, our scope of review is plenary." ***Gormley v. Edgar***, 995 A.2d 1197, 1202 (Pa. Super. 2010) (citation omitted).

> In the context of prenuptial agreements, this Court has explained:
>
> The determination of marital property rights through prenuptial, post-nuptial and settlement agreements has long been permitted, and even encouraged. Where a prenuptial agreement between the parties purports to settle, fully discharge, and satisfy any and all interests, rights, or claims each party might have to the property or estate of the other, a court's order upholding the agreement in divorce proceedings is subject to an abuse of discretion or error of law standard of review. An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. We will not usurp the trial court's fact-finding function.

*Sabad v. Fessenden*, 825 A.2d 682, 686 (Pa. Super. 2003) (citations and quotation marks omitted).

Further, it is well settled that premarital agreements are governed by contract law. *Paroly v. Paroly*, 876 A.2d 1061, 1063 (Pa. Super. 2005). When the words of a prenuptial agreement are clear and unambiguous, we must ascertain the parties' intent based on the express language of the agreement. *Sabad*, 825 A.2d at 688. "In determining whether the trial court properly applied contract principles, the reviewing Court must decide, based on all the evidence, whether the trial court committed an error of law or abuse of discretion." *Lewis v. Lewis*, 234 A.3d 706, 711 (Pa. Super. 2020) (citation omitted).

ERISA is a federal law that ensures the uniform and efficient administration of benefit plans to plan participants and/or designated beneficiaries. *See* 29 U.S.C. § 1002(8) (stating that the term "beneficiary" refers to a person who is designated as the recipient of benefits under an individual's pension, employee benefit, life insurance, or retirement plan). ERISA requires plan participants to obtain spousal consent before changing the beneficiary designation on a benefit plan. *See* 29 U.S.C. § 1055(c)(2)(A). Further, when an individual is named as the primary beneficiary on their spouse's pension plan, the entry of a divorce decree does not terminate that

interest.[3]  **See** 29 U.S.C. § 1104(a)(1)(d) (requiring the administrator of benefits to make payments to a beneficiary "in accordance with the documents and instruments governing the plan").

However, this Court has held that ERISA's spousal benefit waiver requirements pertain only to a beneficiary's survivor benefits.  **See Sabad**, 825 A.2d at 684-85, 697.  Therefore, a party "can effectively waive rights to the equitable distribution of **the marital portion** of pension plans which are subject to ERISA," by signing a valid prenuptial agreement.  **Id.** at 684 (emphasis added).

In reaching that conclusion, the **Sabad** Court explained:

> [The h]usband and [the w]ife signed and had notarized a written antenuptial agreement, which purported to waive any interest either party might ordinarily acquire in the other's property by virtue of the marriage.  The parties employed unambiguous language in their agreement providing that the property they had or would acquire was to remain their separate property.  The parties retained their absolute and unrestricted right to dispose of their separate property.  Included in that waiver were [the h]usband's and/or [the w]ife's rights to pension benefits that could eventually be considered marital property.  Having carefully

---

[3] We note that ERISA preempts state laws that automatically sever a spouse's beneficiary status in the event of divorce.  **See** 29 U.S.C. § 1144(a) (providing that ERISA applies notwithstanding "any and all" state laws that relate to any employee benefit plan); **see also Kennedy v. Plan Administrator For Dupont Savings & Investment Plan**, 555 U.S. 285, 302-04 (2009) (holding that ERISA preempts state laws revoking the designation of the ex-spouse as plan beneficiary on divorce, and that, if ERISA governs the 401(k) or other retirement plan, the ex-spouse will have the right to the plan proceeds); **In re Estate of Sauers**, 32 A.3d 1241, 1246, 1257 (Pa. 2011) (holding that ERISA preempts state law purporting to revoke the beneficiary status of a surviving ex-spouse by operation of law).

considered the reasoning and outcome in the preceding cases in light of the facts of the instant case, we conclude that the parties' agreement represented an effective waiver of their rights to equitable distribution of the marital portion of their pension plans that are subject to ERISA.

*Id.* at 697. Further, the *Sabad* Court noted that the parties' waiver of rights in the prenuptial agreement "did not extend to their respective survivor benefits under ERISA, because the parties were not married when the antenuptial agreement was created." *Id.* at 697 n.9.

Here, as in *Sabad*, it is undisputed that the parties executed a prenuptial agreement in which they waived "[a]ny and all interest that either party has, or may acquire at any time during marriage, or thereafter, in any pension plan, profit sharing plan, individual retirement account, or other retirement plan or account, including the increase in value thereof[.]" Prenuptial Agreement, 6/25/04, at 4. In denying Wife's request for discovery, the trial court concluded that any beneficiary designation was "inconsequential [and] that such retirement benefit accounts remain the separate property of [Husband] under the [June 25, 2004] premarital agreement between the parties." *See* Trial Ct. Order, 10/4/21.

Based on our review of the record, we discern no abuse of discretion or error of law in the trial court's conclusions. *See Sabad*, 825 A.2d at 686; *see also Lewis*, 234 A.3d at 711. As noted by the trial court, the parties executed a valid prenuptial agreement in which they waived their rights to any interest in the other party's retirement funds that would ordinarily be subject to equitable distribution. Therefore, the premarital agreement was "an effective

waiver of their rights to equitable distribution of the marital portion of their pension plans that are subject to ERISA." *See Sabad*, 825 A.2d at 685, 697.

However, the parties retained their absolute and unrestricted right to dispose of their separate property, and the agreement did not preclude either party from transferring separate property to the other after the agreement was executed. *See* Prenuptial Agreement, 6/25/04, at 2. Therefore, even if Husband listed Wife as the beneficiary on one or more of his retirement accounts, that designation would not constitute a modification of the parties' prenuptial agreement, which only resolved property rights that arose by virtue of the parties' marriage.[4] *See id.* at 2, 4; *see also Sabad*, 825 A.2d at 686. Therefore, the trial court did not err in rejecting Wife's request for additional discovery. Accordingly, Wife is not entitled to relief on this claim.

**Attorneys' Fees**

In her remaining claim, Wife argues that the trial court erred in awarding attorneys' fees to Husband. Wife's Brief at 25. In support, she contends that "[e]ven if this Court affirms the trial court's discovery order, it should still reverse the award of counsel fees[,]" because Wife "had good faith grounds

---

[4] As noted previously, the **Sabad** Court held that a waiver of rights in a premarital agreement "did not extend to [the parties'] respective survivor benefits under ERISA, because the parties were not married when the antenuptial agreement was created." **Sabad**, 825 A.2d at 697 n. 9. Therefore, although Wife waived her right to the portion of Husband's retirement funds to which she would otherwise be entitled to by virtue of marriage, that waiver did not extend to survivorship benefits that would arise under ERISA. As such, ERISA does not affect the terms of the parties' premarital agreement, which solely pertains to property claims that arose due to the parties' marriage and under state law.

to pursue a share of Husband's retirement assets based on existing federal and state law." *Id.* at 25-26. Therefore, Wife contends that if her "position was mistaken, it was a good-faith mistake that the trial court should have considered when shifting fees." *Id.* at 26.

Our Supreme Court has explained that in Pennsylvania, "each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. This so-called 'American Rule' holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exception." ***McMullen v. Kutz***, 985 A.2d 769, 775 (Pa. 2009) (citations and some quotation marks omitted). Further, in reviewing a request for counsel fees, "the trial court may consider whether the fees claimed to have been incurred are reasonable, and to reduce the fees claimed if appropriate." *Id.* at 777.

Here, the parties' prenuptial agreement contained the following provision concerning attorneys' fees:

> Should any party hereto retain counsel for the purpose of enforcing or preventing the breach of any provision hereof, including, but not limited to, by instituting any action or proceeding to enforce any provision hereof, for damages by reason of any alleged breach of any provision hereof, for a declaration of such party's rights or obligations hereunder or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and expenses for the services rendered to such prevailing party.

Prenuptial Agreement, 6/25/04, at 12-13.

- 11 -

In granting Husband's request for attorneys' fees, the trial court explained:

> [Wife's] claims and challenges to the agreement regarding alleged oral modification(s) and entitlement to share in Husband's nonmarital retirement accounts were wholly without merit. Wife began litigating those meritless claims in earnest when she filed her counter-motion for special relief on July 16, 2021. Wife's pursuit of a claim against Husband's nonmarital retirement accounts constituted a clear breach of the [a]greement, entitling Husband to attorney fees and costs from July 16, 2021 through the date of receipt of the court's October 4, 2021 order disposing of the claim. Attorney fees and costs incurred from July 16, 2021 through October 5, 2021 in the amount of $9,388.25 will be awarded in favor of Husband. Standby counsel fees are denied because they are not sufficiently itemized to identify fees and costs incurred during the relevant time period.

Trial Ct. Op. at 5-6.

Following our review of the record, we agree with the trial court that Husband was entitled to attorneys' fees under the express terms of the parties' agreement. *See McMullen*, 985 A.2d at 775. As noted, the parties' agreement stated that if either party retained "counsel for the purpose of enforcing or preventing the breach of" the agreement, the prevailing party would be "entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and expenses for the services rendered to such prevailing party." *See* Prenuptial Agreement, 6/25/04, at 12-13. Although Wife sought to enforce "modifications" to the agreement which would entitle her to some portion of Husband's retirement accounts, the trial court concluded that Wife's claim was meritless and ruled in Husband's favor. Therefore, under the express terms

- 12 -

of the parties' agreement, Husband was entitled to legal fees as the prevailing party.  ***See McMullen***, 985 A.2d at 775.  Accordingly, Wife is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/22/2023